31136. DURDEN *et al. v.* MADDOX.

DECIDED FEBRUARY 25, 1946.

*O. C. Hancock, Clifford R. Wheeless,* for plaintiffs in error.
*Francis G. Jones Jr.,* contra.

FELTON, J. Mrs. A. J. Maddox sued Mr. and Mrs. R. C. Durden for damages allegedly arising by reason of the negligence of Mrs. Durden while operating an automobile belonging to her husband. The petition alleged that the automobile was owned, maintained, and furnished by Mr. Durden for the pleasure, convenience, and use of the members of his family, and that Mrs. Durden was

using it at the time of the accident within the scope of the purpose and use for which it was maintained and furnished. The jury found for the plaintiff against both defendants, who except to the overruling of their motion for a new trial.

The only question for decision, raised by the general and special grounds, is whether the evidence authorized a verdict against R. C. Durden on the "family-purpose" theory. A careful study of the evidence will disclose that there was no evidence that he furnished the car for family purposes, or that it was used by Mrs. Durden in his business, or in any way as his agent or at his command. The only theory on which it is contended that the husband was liable is the "family-purpose" doctrine, so it is unnecessary to discuss other theories. The evidence showed that Mr. Durden owned the automobile; that on the day of the injuries he was out of Atlanta, where he lives; that he left the key to his automobile in his desk drawer; that Mrs. Durden drove the car to town that day to go shopping; that she had never used the car before that day and had not used it since. Mrs. Durden testified: "As to whether or not my husband trusted me to drive the car, I don't know, but I had never driven this car before, because this car was for his use and he used it in his business. I hadn't used it for shopping until this day. After the accident happened, I didn't use the car any more. To my knowledge that car had never been used for family purposes. We had only been married a little over two months. Mr. Durden has never told me I couldn't use the car. I never did ask him. I do not go shopping in it frequently."

There is no presumption of law that a man with a family furnishes an automobile to his family for pleasure and convenience merely because he owns one. Otherwise the "family-purpose" doctrine would have had a different evolution. The doctrine as applied in Georgia is that, where one furnishes an automobile to members of his family for pleasure or convenience, etc., he is liable for injuries inflicted by the machine while it is being negligently operated by a member of the family for a purpose for which it was furnished, on the theory that the furnishing and using of the car for such purposes is the business of the husband, and the one operating it is the agent or servant of the owner in the course of his business. *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994); *Hubert* v. *Harpe,* 181

*Ga.* 168 (182 S. E. 167) ; *Levy* v. *Rubin,* 181 *Ga.* 187 (182 S. E. 176) ; *Evans* v. *Caldwell,* 184 *Ga.* 203 (190 S. E. 582) ; *Golden* v. *Medford,* 189 *Ga.* 614 (7 S. E. 2d, 236). A husband is not liable for the torts of his wife merely because of the relationship. *Curtis* v. *Ashworth,* 165 *Ga.* 782 (142 S. E. 111, 59 A. L. R. 1457). Whatever liability there is must come through procurement, agency, or permitting an incompetent to drive. The attempt here is to establish liability through the "family-purpose" doctrine. It does not exist under any theory. The agency of a wife must be proved as in other cases, except when the law presumes agency. Code, § 53-509. There is no agency from mere ownership. *Graham* v. *Cleveland,* 58 *Ga. App.* 810 (200 S. E. 184), and cases cited. There is no agency from mere consent to the operation of the car. *Graham* v. *Cleveland,* supra, and cases cited. There is no agency from mere ownership plus the fact of a member of the family driving. *Grahl* v. *McMath,* 59 *Ga. App.* 247 (200 S. E. 342). The use of the car one time and the husband's leaving the key at home are insufficient to establish the fact that the car was a "family-purpose" car. When it is first established, at least prima facie, that a car is a "family-purpose" car, then the agency of the family member driving is prima facie established, but the major premise may not be shown by assuming that proof of ownership plus a family member's driving is family purpose. The main fact of family purpose was not proved in this case, and the inference of the agency of the wife was unauthorized. The defendant in error contends that the inference of family purpose is authorized from the testimony of the wife that she did not go shopping in the car "frequently." The statement does not mean that she went shopping in it "infrequently," when she positively stated that she had never driven it before. The rule requiring the construction of a party's testimony against him does not apply here, because as to her husband's liability Mrs. Durden was a witness, not a party. The failure of the husband to testify is of no consequence, since no claim against him was established which it was incumbent upon him to challenge. It follows that the court erred in overruling the motion for new trial on the general grounds, and on the special grounds relating to the points discussed in the opinion, insofar as Mr. Durden is concerned.

On rehearing the former judgment of reversal is vacated, and the

494

judgment against both defendants is affirmed with direction that, if the action is dismissed as to R. C. Durden, the judgment as to Mrs. Durden is affirmed; otherwise the judgment as to both parties is reversed. *Gray* v. *Watson,* 54 *Ga. App.* 885 (189 S. E. 616).

*Judgment affirmed, with direction. Sutton, P. J., and Parker, J., concur.*