32861, 32862. HIRSH *v.* ANDREWS *et al.* (two cases).

Decided May 3, 1950. Rehearing denied June 6, 1950.

*C. Baxter Jones Jr., Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*Hewlett & Dennis, Sam D. Hewlett Jr.,* contra.

GARDNER, J. While it is doubtless true as a matter of statistics that most automobiles maintained for family pleasure and convenience are owned and maintained by the head of the family,

ownership in itself is not the basis of liability under the "family-purpose" doctrine in this State. This is clearly ruled in *Hexter* v. *Burgess*, 52 *Ga. App.* 819 (184 S. E. 769), where the husband's liability was not altered by the fact that the automobile which he provided for family use was owned by a corporation of which he was an officer. As the court stated in that case, "Agency, not ownership is the test of liability."

This being true, treating the demurrer directed to paragraph 4 of the petition as a special demurrer, it is itself not good. The only point made specifically is not ground for demurrer, as will be clear from the case cited above, and it fails to lay its finger on any other point wherein the paragraph is defective. See, in this connection, *Katz* v. *Turner*, 49 *Ga. App.* 81 (174 S. E. 167), and cases there cited.

Treated as a general demurrer we do not think that it is good either. Counsel for the plaintiff in error argue that as the "family-purpose" doctrine in this State is based on the theory of agency, ownership of the automobile should have been alleged, as, they argue, "ownership goes to the question of control," and argue further that in order for the husband to be liable under the "family-purpose" doctrine he must intend the end, that is, the pleasure and convenience of his wife, and must control the means, that is, the automobile. They thus contend that the petition should have been dismissed on general demurrer because it nowhere alleges that the husband had control of the automobile.

The "family-purpose" doctrine has been applied in numerous cases and somewhat variously stated. Perhaps as good a verbal summary of the elements out of which the doctrine is compounded as any to be found in our reports, is that of Judge Parker in *Cohen* v. *Whiteman*, 75 *Ga. App.* 286, 290 (43 S. E. 2d, 184): "While liability under the 'family-purpose doctrine' is not founded altogether on the existence of a family relationship, but is predicated also on the principles of the law of agency, or of master and servant, it is well settled that when the head of a family makes it his business to entertain or furnish pleasure to members of his family, a liability arises under the law of principal and agent and of master and servant, and the member of the family using the automobile for the purposes for which

it is kept and maintained by the head of the family becomes in legal contemplation the agent or servant of the owner."

An analysis of this statement will show basically, we think, two necessary and controlling elements (1) the making available an automobile for family use, and (2) liability arising when the automobile so furnished is used within the scope of the purposes for which it was made available.

We think it is clear from the petition that the liability of Mr. Hirsh is plainly sought to be established under the "family-purpose" doctrine, and, as against general demurrer, this is sufficient.

Whatever interpretation the word "furnished" might have, it is, after all, a question of proof on the trial, and Mr. Hirsh will be liable or not as the facts developed in evidence do or do not bring him within the "family-purpose" doctrine as applied in this State.

The judgment overruling the demurrers was not error for any reason assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*