ARLINO PERFETTO, ADMINISTRATOR (ESTATE OF JOHN J. PERFETTO), ET AL. *v.* WILLIAM H. WESSON ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 6, 1951—decided January 29, 1952

*Spencer S. Hoyt,* with whom, on the brief, was *Walter A. Mulvihill,* for the appellants (defendants).

*Francis J. Summa,* with whom was *Charles R. Summa,* for the appellee (named plaintiff).

BALDWIN, J.   The plaintiff administrator brought suit to recover damages for the death of his intestate, John J. Perfetto, alleged to have been caused by the negligent operation of an automobile owned by the defendant Frances Wesson and driven by her husband, the named defendant, to whom we shall refer as Wesson. The court rendered judgment for the plaintiff administrator against both defendants and they have appealed. The assignments of error raise the question whether the court was correct in concluding that Mrs. Wesson was liable for the negligence of Wesson under the family car doctrine and that the plaintiff's intestate was free from contributory negligence.

The finding, which is not subject to correction, may be summarized as follows: Wesson was an officer and employee of Oil Transport, Inc.   Perfetto was em-

ployed by that company as a truck driver. On June 26, 1948, Wesson arranged for a meeting and dinner of the company's employees at the Santa Fe Inn near Waterbury. The purpose of this affair was to encourage safety in the company's operations and to promote co-operation and good will among its employees. They were requested but not required to attend. Wesson conducted the meeting. All of the employees, including Perfetto, were there. Mrs. Wesson owned a Plymouth coupe which was registered in her name. She authorized her husband to use this car for his own purposes, without any qualification or restriction and under a general authority to do so. On the day of the meeting and dinner Wesson had driven the car to the company office. He permitted Perfetto to take it late that afternoon to go home to change his clothes and return to the office. From there, Wesson drove the car to the company meeting and dinner, Perfetto accompanying him. During the evening Perfetto drank heavily. Wesson had several bottles of beer. After dinner was over, most of those in attendance went home, but Perfetto and Wesson stayed to watch a television broadcast. About 1:30 a. m. they left for their homes, Wesson driving the car and Perfetto riding with him. Perfetto was intoxicated and fell asleep on the seat with his head toward the right door and his feet under Wesson's right leg. Wesson leaned over to move Perfetto's feet and in so doing took his eyes off the road. At that moment the car was going downhill. Wesson lost control and failed to negotiate a curve in the road. The car struck a culvert, hit and broke off a telephone pole, crashed through a fence and overturned, pinning Perfetto under it. He was fatally injured.

The defendants filed a special defense alleging contributory negligence. The burden was on them to prove it. General Statutes § 7836. The issue was one

of fact, and we cannot hold that the court's conclusion was illogical or unreasonable.

Mrs. Wesson denies liability on the ground that the family car doctrine does not apply to the facts of this case. The rule is that, "when an automobile is maintained by the owner thereof for the general use and convenience of his or her family, such owner is liable for the negligence of a member of the family, having general authority to drive the car, while it is being used as such family car, that is, for the pleasure or convenience of the family or a member of it." *Haugh* v. *Kirsch*, 105 Conn. 429, 431, 135 A. 568; *Dibble* v. *Wolff*, 135 Conn. 428, 433, 65 A. 2d 479. The court found that the defendants were husband and wife, that the car was registered in Mrs. Wesson's name, and that Wesson was operating it at the time the accident occurred. Under § 7904 of the General Statutes, these circumstances raised a "presumption that such motor vehicle was being operated as a family car within the scope of a general authority from the owner" and imposed upon the defendants the burden of rebutting this presumption. Mrs. Wesson testified that she and her husband "used the car whenever it was available for one or the other" and that there was no restriction upon its use by either of them. This case does not present a situation like that in *Maher* v. *Fahy*, 112 Conn. 76, 81, 151 A. 318, or in *O'Keefe* v. *Fitzgerald*, 106 Conn. 294, 299, 137 A. 858, where the court found that the operator did not have general authority to drive the car. See *Vaughn* v. *Booker*, 217 N. C. 479, 481, 8 S. E. 2d 603. To bring the facts of a particular case within the doctrine, it must be found that the car was in fact maintained for the use and convenience of the family and that the operator was one who had a general authority to operate it and was using it at the time as a family car. In the case at bar, the court

could reasonably and logically conclude, as it did, that the car was, in fact, a family car and that Wesson was exercising a general authority to operate it as such when the accident occurred.

There is no error.

In this opinion the other judges concurred.