THERESA A. MULVEY *v.* W. C. L. BARKER ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 2—decided February 19, 1952

*Spencer Gross* and *Wallace W. Brown,* for the appellants (defendants Burdick).

*Joseph F. Berry,* with whom, on the brief, was *Ralph C. Dixon,* for the appellant (named defendant).

*Louis M. Schatz,* with whom, on the brief, was *Arthur H. Schatz,* for the appellee (plaintiff).

BALDWIN, J. This action was brought against the defendant Barker, owner and operator of one automobile, and the defendants John and Catherine Burdick, husband and wife, owner and operator respectively of another in which the plaintiff was a passenger. She claimed damages for injuries received in a collision

between these automobiles which she alleged was caused by the defendants' negligence. The court rendered judgment against all the defendants and they have appealed. The assignments of error raise the question whether the court erred in concluding that each of the operators was negligent, whether the family car doctrine was applicable so that John Burdick was liable, and whether a statement signed by the plaintiff was effective to discharge both the Burdicks from liability.

The finding is not subject to correction. The basic facts are as follows: The plaintiff was the principal of a public school in Westbrook. Mrs. Burdick taught in the same school. They were friends and associates of long standing. Burdick had purchased a Ford automobile for the pleasure and convenience of Mrs. Burdick. She had general authority to operate this car for any purpose that required the use of an automobile. On the afternoon of April 26, 1949, the plaintiff, in connection with a school art exhibit, wanted to mail some films in the post office in Old Saybrook. Mrs. Burdick had frequently driven the plaintiff on errands and she offered to drive her to Old Saybrook. They were returning from the post office when the accident occurred.

Route 1 runs in an easterly and westerly direction between Westbrook and Old Saybrook. Route 1A joins it from the south, forming a Y-shaped intersection with the base of the Y towards Westbrook. This intersection is four to five hundred feet east of the Oyster River Bridge. Mrs. Burdick drove her car in a westerly direction on route 1A. She intended to enter route 1 and go towards Westbrook. She brought her car to a standstill at a stop sign which was 113 feet east and south of the intersection of the traveled portions of the roads. Barker, proceeding east on route 1, was then

west of the Oyster River Bridge. He saw the Burdick car as it approached the stop sign and, when he was on the bridge, he applied his brakes, reducing his speed to between thirty and thirty-five miles an hour.

When at the stop sign, Mrs. Burdick saw the Barker car, which was then west of the bridge. She proceeded a distance of approximately 113 feet to a double white line painted across route 1A which required a full stop before driving onto route 1. After coming to a full stop, she started to cross to the westbound lane of route 1. Her car was headed in a northwesterly direction. After starting from the double white line she did not look to see the Barker car, which was approaching from the west, and she did not see it until an instant before the collision. Barker, after observing the Burdick car halt at the stop sign, increased his speed to thirty-eight miles an hour and did not slacken it until he was fifty feet from the point of collision. The cars came together in the westbound lane. Each operator had a clear and unobstructed view of the other car as he approached the intersection. The plaintiff was seriously and painfully injured. Some time after the accident she signed a statement in which she described it and indicated that in her opinion Barker was responsible for it. The court decided that both operators were at fault and that the Burdick car was a family car being operated under a general authority from the owner. The court ruled that the plaintiff's statement did not discharge the Burdicks from liability.

It is the Burdicks' claim that, having reached the intersection and stopped at the traffic lines, Mrs. Burdick had the right of way to proceed through the intersection ahead of the Barker car, which was approaching from her left. One who has the right of way is still under a duty to exercise reasonable care. *Jackson* v. *Brown*, 106 Conn. 143, 146, 137 A. 725;

*Squires* v. *Wolcott,* 133 Conn. 449, 455, 52 A. 2d 305. The court was warranted in concluding as a matter of fact that the conduct of Mrs. Burdick, who, without again looking, drove into the intersection in front of the Barker car, which was approaching rapidly from the west, and did not observe it until the instant before the collision, was negligent and was a proximate cause of the collision. *Whipple* v. *Fardig,* 112 Conn. 402, 403, 152 A. 397. Barker claims that Mrs. Burdick's negligence was the sole proximate cause of the collision. The court was justified in deciding, likewise as a matter of fact, that Barker was negligent in a manner that contributed to the accident because, after observing the Burdick car halt at the stop sign, he increased his speed and, an instant before the collision, turned to his left-hand side of the highway.

Burdick maintains that there can be no recovery against him because Mrs. Burdick was not acting as his agent but as the agent of the town of Westbrook. It was not disputed that Burdick owned the car in which the plaintiff was riding and that Mrs. Burdick was driving it. In *Perfetto* v. *Wesson,* 138 Conn. 506, 509, 86 A. 2d 509, we recently said: "To bring the facts of a particular case within the [family car] doctrine, it must be found that the car was in fact maintained for the use and convenience of the family and that the operator was one who had a general authority to operate it and was using it at the time as a family car." The court found that the Burdick car was purchased for the pleasure and convenience of Mrs. Burdick, who used it daily whenever there was any occasion for her to do so. It is true that, in driving the plaintiff to Old Saybrook, Mrs. Burdick was performing a service in the interest of the town schools. But it was likewise a service in her own interest. She volunteered to take the plaintiff, her school principal and personal

friend, to mail films which had been used in an art exhibit in their school, an undertaking with which they were both concerned. That this use of the car might benefit the school did not affect the applicability of the family car doctrine. The court was justified upon the facts in concluding that use of the car for the purpose was within Mrs. Burdick's general authority.

The Burdicks claim that the written statement made and signed by the plaintiff after the accident and received in evidence operated as an estoppel which barred any recovery against them. This statement purported to be a recital of the facts concerning the accident as observed by the plaintiff. It stated further that the plaintiff did not question Mrs. Burdick's judgment at the scene of the accident and that the real cause of the collision was the excessive speed, inattention and poor judgment of Barker. The court correctly concluded that the statement did not discharge the Burdicks from liability. It was admissible to show an attitude of the plaintiff inconsistent with her claims on the trial and to affect her credibility. *Crowley* v. *Dix*, 136 Conn. 97, 105, 68 A. 2d 366; see 3 Wigmore, Evidence (3d Ed.) §§ 1018, 1041; 4 id., § 1048; 30 Yale L. J. 355, 361. It cannot operate as an estoppel because there is no finding that the Burdicks were misled by it in any way to their disadvantage. *Themper* v. *Themper*, 132 Conn. 547, 550, 45 A. 2d 826; *State ex rel. DeGregorio* v. *Woodruff*, 135 Conn. 31, 36, 60 A. 2d 653.

There is no error.

In this opinion the other judges concurred.