35339.   STUDDARD *v.* ESSIE MAE A. TURNER.
35348.   STUDDARD *v.* GRADY TURNER.

Decided October 1, 1954.

*Maxwell A. Hines*, for plaintiff in error.

*Steve F. Mitchell*, contra.

TOWNSEND, J. ■ The special demurrers to that part of paragraph 2 of the petitions which alleged that the defendant's son was operating the automobile "under the family-purpose rule," and to paragraph 8 which alleged that the defendant was negligent in allowing his son "to operate his automobile under the family-purpose rule without cautioning him to drive such automobile in accordance with the traffic laws of Georgia," as being too vague and indefinite and conclusions of the pleader, should have been sustained. It is nowhere alleged in the petition in what way the defendant's son was operating the car so as to bring it within the family-car doctrine in Georgia, and these allegations, as against special demurrer pointing out the defect, constituted conclusions of law. *Parker* v. *Munn Sign &c. Co.*, 29 *Ga. App.* 420 (3) (115 S. E. 926); *Sparks* v. *Floyd County*, 15 *Ga. App.* 80 (2) (82 S. E. 583); *Gibbs* v. *Bank of Tifton*, 21 *Ga. App.* 653 (1a) (94 S. E. 827). Nor does the allegation that the defendant "failed to caution him to drive in accordance with the traffic laws of Georgia" amount to the statement that the defendant turned over the automobile to his son knowing the latter to be an incompetent driver, so as to charge him with negligence in this respect. Accordingly, the second and sixth grounds of special demurrer should have been sustained. The remaining allegations of negligence, however, to the effect that

the driver did not keep a lookout ahead, but was, on the contrary, looking into the rear-view mirror watching the horseback riders, and in so doing drove the vehicle upon petitioners' son with such violence as to crush him; and that he violated the traffic laws of Georgia in not observing petitioners' son and pulling his car to the left of the center of the road in such manner as to avoid striking him, are sufficient to withstand the special demurrers interposed thereto.

■ Aside from the question of special demurrers, it was held in *Hirsh* v. *Andrews*, 81 *Ga. App.* 655 (59 S. E. 2d 552), that an allegation that the defendant furnished an automobile as a family car for the use, pleasure, and convenience of his wife, the driver, was sufficient to withstand a general demurrer on the ground that it failed to state a cause of action against the defendant. In *Ficklen* v. *Heichelheim*, 49 *Ga. App.* 777 (5) (176 S. E. 540) it was held that the burden of proof is upon a parent whose minor child causes an injury while driving the parent's automobile to overcome the presumption that the child was driving the vehicle for the parent, it being further shown that the car was openly and habitually used by the minor child as a member of the family. It follows from these decisions that the allegations in the petition that the defendant provided the automobile in question for the members of his family, and that it was being driven by his son, were sufficient, as against the *general* demurrer, to charge the defendant with liability for the homicide of the plaintiffs' son.

■ The general grounds of the motion for new trial are insisted upon only insofar as it is contended that upon the trial of the case the plaintiffs failed to prove that the automobile was a family-purpose car, so as to charge the defendant with liability. All of the special grounds, also, deal with alleged errors in the charge of the court relating to the family-car doctrine, substantially as follows: that the court failed anywhere in his charge to state the contention of the plaintiffs that they were seeking to hold the defendant liable for the reason that he owned and furnished the vehicle as a family car for the use, pleasure, and convenience of members of his family, and that at the time of the collision it was being driven by a member of the family within the scope of this purpose; that the court failed to explain to the jury that liability would attach to the defendant if the

automobile was so furnished and used at the time, and not otherwise; and that, in addition to failing to make this essential ingredient of the case clear to the jury, the court further misled them by charging as follows: "If you believe that the plaintiff suffered injury or damages as alleged, and that the same was due to the negligence of the defendant's son, as alleged, and that the plaintiff could not have prevented the same by the exercise of ordinary care on the son's part, then the plaintiff would be entitled to recover on account of the damages sustained."

Code § 105-108 provides: "Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." Liability under this Code section attaches to the owner of an automobile who furnishes the same for the pleasure, comfort, or convenience of the members of his family where one of the latter while driving it commits a tort upon another, on the theory that, when he makes it his business so to do, a member of the family operating the vehicle is doing so within the scope of the owner's business, under the law of principal and agent and of master and servant. *Hirsch* v. *Andrews,* supra; *Cohen* v. *Whiteman,* 75 *Ga. App.* 286, 290 (43 S. E. 2d 184) ; *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994). If the driver of the automobile is a member of the owner's family and otherwise within the purview of the rule, it does not matter that he is a non-dependent, self-supporting son (*Hubert* v. *Harpe,* 181 *Ga.* 168, 182 S. E. 167), or that the son lives a part of the time away from home (*Lacey* v. *Forehand,* 27 *Ga. App.* 344, 108 S. E. 247). It is essential to the case, however, that it be established that the vehicle is furnished for the members of the family to use and is being so used at the time, for a mere lending of an automobile to a minor son to use for his own purposes is not sufficient. *Dougherty* v. *Woodward,* 21 *Ga. App.* 427 (94 S. E. 636). "When it is first established, at least prima facie, that a car is a 'family-purpose' car, then the agency of the family member driving is prima facie established, but the major premise may not be shown by assuming that proof of ownership plus a family member's driving is family purpose." *Durden* v. *Maddox,* 73 *Ga. App.* 491, 493 (37 S. E. 2d 219).

The evidence in the present case contains no testimony from which an affirmative conclusion may be drawn that the defendant furnished the automobile in question to the members of his family generally for their use, comfort, and enjoyment. The undisputed evidence is to the effect that, when the son desired to use his father's automobile, he would ask permission to borrow it, and the father would grant him permission. This testimony is equally consonant with the theory that the son merely borrowed an automobile which was not generally used and kept for the pleasure and use of the family, or that it was so kept and that parental authority was merely sought for its use at a particular time or for a particular errand; therefore, since it would tend equally to prove either theory, it succeeds in proving neither. As to its use on the particular occasion in question, there is evidence that other minor children requested the use of the automobile and the services of their brother to drive them to the store for a paper, but there is also testimony that the son who drove the car merely requested and was granted its use. Accordingly, a very weak case was made out on the vital issue of whether or not the owner of the car, the defendant here, furnished it to his family in such manner as to bring it within the family-car doctrine. It need not, however, be decided whether, under the evidence in the record before us, the case should be reversed on the general grounds, for it was clearly error which might easily mislead the jury for the court to charge merely that the defendant would be liable if the negligence of his son caused injury or damage to the plaintiff which the plaintiff could not have prevented by the exercise of ordinary care on his son's part, without elsewhere instructing them that, in order for the plaintiffs to recover in this case against this defendant, it must be shown that the defendant furnished the automobile for the use, pleasure, comfort, and convenience of his family as a family car, and that it was, at the time of the collision, being operated by the defendant's son within the scope of the purpose for which it was furnished. That portion of the charge relating to the family-purpose rule, although a correct statement of the law, did not, when taken in connection with the charge as a whole, make it clear that this was an issue for the jury to consider. Since the entire question of liability depends upon this

issue, and since it must be presumed that the failure to properly instruct the jury in this respect was very likely to have prejudiced the rights of the defendant, a reversal is required.

The trial court erred in denying the motion for a new trial as amended, and in overruling certain special demurrers as pointed out in division 1 hereof.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*