### 36615. ANDERSON *v.* WILLIAMS.

Decided April 24, 1957—Rehearing denied May 9, 1957.

*G. L. Dickens, Jr., Dickens & Dickens,* for plaintiff in error.
*Lewis & Rozier, Randall Evans, Jr.,* contra.

GARDNER, P. J. ■ The record in this case does not show that Morris was an indispensable party to the appeal. It follows that this court declines to dismiss the case on that ground. See *Miner* v. *Champion,* 212 *Ga.* 759 (1) (95 S. E. 2d 668); *Parks* v. *Stein Steel & Supply Co.,* 85 *Ga. App.* 306 (68 S. E. 2d 919); *Edwards* v. *Dowdy,* 85 *Ga. App.* 876, 882 (70 S. E. 2d 608); *Wright Contracting Co.* v. *Waller,* 89 *Ga. App.* 827 (81 S. E. 2d 541).

■ The plaintiff, although originally a guest to whom the

driver owed only the duty of slight care, brought about what amounted to a change in the legal relationship of the parties by reason of her request to be permitted to leave the car and Anderson's refusal to allow her to do so, and thereafter, being a passenger therein against her will, the defendant Anderson owed her the duty to exercise ordinary care in her behalf. *Blanchard* v. *Ogletree*, 41 *Ga. App.* 4 (2) (152 S. E. 116); *Fountain* v. *Tidwell*, 92 *Ga. App.* 199 (4) (88 S. E. 2d 486). And this is true even though the degree of negligence is alleged to have been gross. See also *Western Union Telegraph Co.* v. *Harris*, 6 *Ga. App.* 260 (2) (64 S. E. 1123).

■ From the petition it appears that Anderson was guilty of negligence in fact in proceeding as he did through the storm on a narrow road with worn, slick tires. He was also guilty of negligence per se in violating the speed limit. Any person being guilty of negligence in violating the law loses the benefit of the presumption that others will use the road in a lawful manner, but must rather presume that others, like himself, will be violating the traffic laws. *Williams* v. *Grier*, 196 *Ga.* 327 (26 S. E. 2d 698).

■ As against an innocent third party who is an unwilling passenger in the automobile which is being driven in a reckless and hazardous manner in violation of law, it cannot be said that the sole proximate cause of the plaintiff's injuries was the negligence of the driver of the on-coming car. This is true because one who becomes aware of the negligence of another, or in the exercise of ordinary care should have become aware of it under circumstances where he could avoid it is himself guilty of negligence in failing to exercise ordinary care to avoid the negligence of the other party. The petition here affirmatively alleges that, even under the circumstances showing Anderson's driving to be itself negligent, he saw the approaching automobile coming toward him in his lane of traffic when it was still 150 yards away, and when he still, in the exercise of ordinary care, could have slowed down, turned right onto the shoulder of the road, and avoided it. Taking the allegations of the petition as true, he had the last clear chance, after knowledge of the situation, of avoiding it, but, instead of slowing down and turning out of the way of the approaching vehicle, he continued toward it with unabated speed

and hit it head-on. This was negligence, at least as to a passenger in his vehicle who was herself in the exercise of due care.

Accordingly, the trial court properly overruled the defendant Anderson's demurrer.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*