37416.   ROBINSON *v.* HARTLEY *et al.*

DECIDED DECEMBER 2, 1958—REHEARING DENIED DECEMBER 15, 1958.

766

[black redaction bars]

*G. L. Worthy*, for plaintiff in error.

*Willard H. Chason*, contra.

FELTON, Chief Judge. ■ In view of the allegations of the settlement between the defendant and the father, the father was not a necessary party to this action. *Southeastern Greyhound Lines* v. *Wells*, 204 *Ga.* 814 (51 S. E. 2d 569).

■ A petition which alleges that a nephew was a member of the defendant's household and family and that said nephew damaged the plaintiffs by reason of his negligent operation of an automobile furnished and maintained by the defendant for the pleasure and convenience of his family as a "family-purpose" automobile and that at the time the nephew's operation of the automobile was with the permission of the defendant alleges a good cause of action as against a general demurrer. As will be shown in division 3 of the opinion, a nephew can be considered a member of his uncle's family and thus his operation of a family-purpose car may come within the applicability of the "family-purpose" doctrine.

■ In order for the "family-car" doctrine to be applicable, it must appear that the father, or head of the household, furnished and maintained the automobile for the pleasure, comfort and convenience of his family, so as to bring the operation of the automobile by a member of the family within the scope of the father's or household head's "business". "In the present case the father is not relieved from liability merely because the son was an adult and was self-sustaining. It appears that the father kept and maintained an automobile for the comfort and pleasure of his family, including his wife and minor children, and that as

a matter of custom he also permitted this adult son, who resided in the same home with him, to use and drive the automobile for the comfort and pleasure of the son, upon the same footing as the wife and minor children. At the time of the injury in question the son was driving the automobile, with the express or implied permission of the father, for his own recreation and pleasure, within the general purpose for which the vehicle was kept and maintained." *Hubert* v. *Harpe,* 181 *Ga.* 168, 172 (182 S. E. 167). See also *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L.R.A. 1916F 216, Ann. C. 1917D 994).

In the instant case there was sufficient evidence to authorize a finding that the nephew, who had been raised by the defendant and his wife, was considered by the defendant as a member of the family. If the nephew was considered a member of the family, though an adult and self-sustaining, his operation of a "family-purpose" automobile comes within the rule. *Hubert* v. *Harpe,* supra; *Levy* v. *Rubin,* 181 *Ga.* 187 (182 S. E. 176); *Samples* v. *Shaw,* 47 *Ga. App.* 337, 339 (170 S. E. 389). The question then remains whether the defendant furnished and maintained the automobile involved in the collision for the pleasure and comfort of his family, which included the nephew. The purpose for which the automobile is furnished and maintained is the key. " 'The test is not whether the child is adult or minor, but whether he was using the car for a purpose for which the parent provided it, with the permission of the parent, either express or implied.' . . . 'The point is not whether the daughter is an adult or a minor, but whether she was using the car for a purpose for which the parents provided it, with authority, express or implied.' " *Hubert* v. *Harpe,* supra, pp. 172, 173.

The defendant operated a funeral home. The nephew worked for the defendant in this operation and for the defendant in other enterprises. As a part of his remuneration for these services the nephew was given his room and board. The automobile involved was used by the defendant in his funeral business and also for his personal convenience and benefit. The defendant's wife did not drive and when she rode in the automobile for purposes of shopping and visiting, the defendant operated the automobile. The defendant testified that he did not give free reign

to the nephew to operate the automobile for his pleasure and convenience and that he "occasionally—sometimes—not very often" let the nephew use the automobile for his pleasure but always express consent for such use was required. He further testified concerning the use of the automobile by the nephew: "Q. Did he ever tell you where he was going? A. I did not ask him a thing. I did not ask him anything like that. . . Q. Whatever use it was being used by Bobby at that time was purely Bobby's business? A. Bobby's individual business—not mine, and I wasn't connected with it at all. If he had been 12 or 14 or maybe 16—well, maybe I would have kinda questioned him, but when a boy gets 26 years old, he's grown and then I'm loose with him."

At the time the nephew had an automobile of his own. Concerning the use of the defendant's automobile, the nephew testified: "Q. Does he or does he not or has he not in the past year furnished you for your use an automobile for your personal dates and pleasure riding? A. No sir. Q. Did you have your own car at that time? A. Yes sir. Q. What car then would you use ordinarily when you would go on a social call or have a date? A. I'd use my own car. . . Q. Why did you ask Eddie to allow you to use the car that night? A. I just wanted to drive it that night. Q. How often did you want to drive it for your own business? A. I guess I wanted to drive it pretty regular. Q.. When you wanted to drive it, you didn't mind asking him for it? A. Well, I wouldn't ask him for it all the time, because I knew he wouldn't let me have it. I would ask him when I thought he would probably let me use it."

We do not think the evidence showed that the automobile in question was furnished and maintained by the defendant for the purpose of providing pleasure and convenience for his family even though the defendant used the automobile in part for the convenience and benefit of his wife and himself. As far as the nephew's operation of the automobile is concerned, we think the statement in *Hubert* v. *Harpe*, 181 *Ga.* 168, 173, supra, is applicable here: "If the furnishing of an automobile for the purpose stated in the question [that is, 'Where a father keeps

and maintains an automobile to be used for the comfort and pleasure of his family, including his wife and minor children . . .'] is within what may be said to be a 'business' of the owner, one to whom the car is entrusted for such purpose is not a bailee, as in a case of lending, but is a servant or agent. If, on the other hand, the car is furnished by the owner merely as an accommodation to the other, with no interest or concern in the *purpose* for which the other will use it, then its use, whether for recreation or otherwise, is not within the business of the owner, and the transaction is a mere bailment."

A verdict was demanded for the defendant.

The court did not err in overruling the demurrers to the petition. The court erred in denying the motion for new trial.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*