38675. OWENS v. WHITE *et al.*

Decided April 5, 1961.

*Frank M. Gleason, G. W. Langford,* for plaintiff in error.
*Paul W. Painter, A. Cecil Palmour,* contra.

Nichols, Judge. ■ Special grounds numbered 1, 2, 3, 4, 6 and 8 of the amended motion for new trial all assigned error on the instructions to the jury dealing with the plaintiff's "status" in the defendant's automobile at the time of the collision. The jury was instructed to determine whether the plaintiff occupied the "status" of an invitee (in which event he could only recover for gross negligence), or the "status" of a passenger for hire (in which event he would be owed the duty of ordinary care). The plaintiff contends that a finding was demanded that he occupied the "status" of a passenger and that it was error to leave such question for the jury's determination.

The plaintiff's petition alleged an agreement whereby the defendants were to furnish the automobile, and the plaintiff and his wife, who was also in the automobile at the time of the collision, were to pay for the gasoline, oil, and tire repairs on the trip which was taking place at the time of the collision. This allegation was denied in the defendant's answer (the defendants

claim that the plaintiff was a guest), and on the trial of the case the plaintiff introduced evidence that such an arrangement had been made and that the plaintiff was to "help out" on the driving. The defendant relies on the fact that the arrangement was made between Mrs. Owens, the plaintiff's wife, and Mrs. White, and that there was no proof of agency.

As to the question of agency the evidence showed that such contract, even if made by the plaintiff's wife without prior authority, was undisputably ratified by the plaintiff, and under such circumstances the contention that there was no proof of her agency is without merit. See *Code* §§ 4-202, 4-302 and 4-303.

The defendant also contends there was no proof of the agency of the defendant Mrs. White to make the contract so as to bind her husband. The gist of this contention is that while the driver of the "family purpose" automobile could bind the owner by inviting a "guest" she could not bind him by making a contract whereby a part of the expenses of the operation of the automobile would be borne by the person invited to ride in the automobile. This contention is without merit, for as was said in the case of *Johnson v. Brant*, 93 Ga. App. 44, 46 (90 S. E. 2d 587), with reference to the leading Supreme Court decisions on the subject of the "family purpose doctrine": "These cases and the line of decisions predicated upon them clearly lay down the rule that a member of a family who injures another while using the car for his own purposes within the scope of the business for which the car is maintained—that is, the pleasure, comfort and convenience of a member of the family—renders the head of the family who furnishes such automobile liable under the doctrine of respondeat superior." The automobile was furnished by the defendant Vance White to his wife, the defendant Mrs. Estelle White, for her "pleasure, comfort and convenience" and under the doctrine of respondeat superior he is liable, as is she, for her negligence. In some cases he is liable only for her gross negligence (i e., where a guest is injured) and in others he is liable for her failure to exercise ordinary care (i e., where she injures persons in other vehicles or where as in the present case a "share the expense" passenger is injured).

The plaintiff alleged and proved that there was a valid con-

tract which, under the decision in the case of *Fountain v. Tidwell*, 92 Ga. App. 199 (88 S. E. 2d 486), required the driver to exercise ordinary care for his safety. The excerpts from the charge, instructing the jury as to a defense available to the defendants which was not supported by the evidence was error requiring a reversal of the judgment overruling the plaintiff's motion for new trial. See *Hare v. Southern Ry. Co.*, 61 Ga. App. 159, 161 (6 S. E. 2d 65).

■ Special ground 5 complains of an excerpt from the charge wherein the jury was instructed that "a person driving a motor vehicle on the highways of this State has a right to assume that other drivers will obey the traffic laws of the State of Georgia." The purported error in this charge is that such charge is incomplete and that it was not a full and complete statement of the law upon such subject under the facts that were before the court and jury. A complete statement of the applicable law on the subject would have required, as shown by the plaintiff's amended motion for new trial, a charge instructing the jury that the right to assume that others will obey traffic laws only applies where the person seeking to rely on such presumption was herself obeying the traffic laws. See *Williams v. Grier*, 196 Ga. 327, 338 (26 S. E. 2d 698); *Healan v. Powell*, 91 Ga. App. 787, 792 (87 S. E. 2d 332); *Anderson v. Williams*, 95 Ga. App. 684, 686 (98 S. E. 2d 579). "When the judge undertakes to charge the law upon a particular subject, he should charge all on the subject that is material and applicable to the case." *Tucker v. Talmadge*, 186 Ga. 798, 800 (198 S. E. 726). In the present case there was evidence that the defendant driver was violating certain traffic laws and the charge complained of was error because it failed to charge all the law on the subject and such omitted portions were not covered elsewhere in the court's instructions.

■ The sole remaining question for decision, the usual general grounds having been abandoned, is whether the trial court erred in failing to charge, without request, that the violation of a traffic law of the State of Georgia by the driver of a motor vehicle within the State of Georgia is negligence as a matter of law.

Without deciding if the failure to so charge, without request, would in and of itself be reversible error (since the case must

462

otherwise be reversed), suffice it to say that the charge as a whole would have been clearer to the jury if such rule of law had been given the jury in charge.

Judgment reversed. *Felton, C. J., and Bell, J., concur.*