39105. MARQUES v. ROSS *et al.*

DECIDED NOVEMBER 15, 1961—REHEARING DENIED DECEMBER 13, 1961.

*G. Seals Aiken,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Robt. R. Harlin, J. Winston Huff,* contra.

FRANKUM, Judge. The plaintiff contends that there is an issue of fact for the jury's determination upon two theories, namely, (1) whether Herbert Ross, Jr. was a member of the family of Herbert Ross, Sr. and was using the automobile of Herbert Ross, Sr. as a family purpose automobile at the time the wreck in question occurred, and (2) whether Herbert Ross, Sr. allowed his son to drive his (the father's) automobile when he, the father, knew his son was an incompetent driver. The evidence before the court on a motion for summary judgment does not support these contentions.

The evidence shows Herbert Ross, Jr. to be an adult who was residing at the home of his father. Herbert Ross, Jr. lived with his parents. He had his own room and paid board. He had driven his father's automobile on occasions, but it was only by express permission of his father.

Herbert Ross, Jr. testified that he had driven his father's car

"maybe a half dozen times" on special occasions between 1954 and the time when he gave his testimony. At the direction of his father he would drive the automobile with his mother as a passenger. His mother did not drive an automobile. Between June, 1958 (when Herbert Ross, Jr. moved into his father's home) and November 28, 1958 (the date of the wreck), he had driven his father's automobile only twice on personal errands. This included the occasion when the wreck occurred.

Both Herbert Ross, Sr. and Herbert Ross, Jr. testified that the only reason he, Herbert Ross, Jr., drove the automobile of Herbert Ross, Sr. on the date in question was because the automobile of Herbert Ross, Jr. had a defective fuel system. Herbert Ross, Sr. offered his son the use of his car and he accepted the offer. On this occasion the son had a date with the plaintiff, and the sole purpose for which he used his father's car was to transport himself and the plaintiff to a sporting event in Atlanta.

The leading cases in this State on the so-called family purpose doctrine are: *Griffin v. Russell*, 144 Ga. 275 (87 SE 10, LRA 1916F 216, AC 1917D 994), and *Hubert v. Harpe*, 181 Ga. 168 (182 SE 167). There is no useful purpose in discussing the fundamental principles supporting this doctrine. However, in *Robinson v. Hartley*, 98 Ga. App. 765, 766 (106 SE2d 861), it was held: "In order for the 'family-car' doctrine to be applicable, it must appear that the father, or head of the household, furnished and maintained the automobile for the pleasure, comfort and convenience of his family, so as to bring the operation of the automobile by a member of the family within the scope of the father's or household head's 'business'." The court held, in the *Hartley* case, that although a nephew can be a member of the family, the facts in that case show the automobile was not furnished for the pleasure or convenience of the family.

The fact that a driver of an automobile, who is a son living in the home of his father, is an adult does not necessarily exclude from the family purpose doctrine his negligent acts while driving a family purpose car. *Hubert v. Harpe*, 181 Ga. 168, supra. Nor does the fact that the son may be on a personal errand necessarily remove a case from the family purpose doctrine. *Espy v. Ash*, 42 Ga. App. 487 (156 SE 474). The

fact that a son was driving an automobile belonging to his father does not, ipso facto, make the father liable for the negligence of the son in operating the father's automobile. *Grahl v. McMath,* 59 Ga. App. 247 (200 SE 342).

It was stated in *Hubert v. Harpe,* 181 Ga. 168, 172, supra: "The extent to which the automobile might be used for the comfort and pleasure of the family was a question to be settled by the father; and it was also a matter for his own determination as to whether he would include his adult son among the number whose comfort or pleasure he would promote by the use of such vehicle."

The instant case comes within the principle stated in *Raley v. Hatcher,* 61 Ga. App. 846, 848 (7 SE2d 777): "[I]f the father was the sole owner of the car and the son was over 21 years of age, had a job of his own, was self-supporting and paying board at his father's house and there was no evidence from which the jury could find that the son was a member of the father's family within the meaning of the family-car doctrine, a mere loan of the car by the father to the son to go on a mission solely for the benefit of the son was in principle the same as if he had loaned it to a friend and would in effect make the son a mere bailee, and if the son's chauffeur or driver injured someone on the trip, the father would not be liable." Cf. *Dougherty v. Woodward,* 21 Ga. App. 427 (94 SE 636), and *Espy v. Ash,* 42 Ga. App. 487, supra.

Plaintiff contends that the following questions propounded to the defendant, Herbert Ross, Sr., and his answers thereto show that his automobile was maintained by him for the pleasure, comfort and convenience of the members of his family so as to make an issue for the jury: "Q. You maintained that car for the pleasure, comfort and convenience of members of your family? A. That car was for myself and myself only. He had his own car. Q. First, answer it directly, if you can, and then you can explain. A. The answer is yes. Mr. Harlin: Let him explain. The witness: I answered your question yes. Q. Go ahead and explain. A. That car is used by no one except myself solely, without my giving permission. I carry the keys to the car. My wife doesn't drive. He has no occasion to use the car.

He has a car of his own. The carbureter on his car was in bad shape. He had this date with this little lady. I said, 'Son, if your car is in bad shape don't take a chance with your car, use mine.' "

It is a custom of general practice to allow or even require a witness to answer questions categorically by answering "yes" or "no," and thereafter, allow the witness to explain his answer. See 98 C.J.S. 73, Witness, § 352. As stated in Southern Pac. Milling Co. v. Billiwhack Stock Farm, 50 C.A.2d 79 (122 P2d 650): "The general statement of a witness can have no greater force or effect than his immediately ensuing explanation of the meaning of such statement." See also *Brown v. Wilson*, 55 Ga. App. 262 (2) (189 SE 860).

While the witness did answer "yes" to the questions as to whether the automobile was maintained for the pleasure, comfort and convenience of his family, he immediately thereafter explained his answers to the questions. His explanation shows that the automobile was not maintained as a family purpose car within the legal meaning of the family purpose doctrine. We are of the opinion that the witness' answers to counsel's questions above quoted are not conflicting so as to make a jury issue.

We are of the opinion that the uncontradicted evidence shows, as a matter of law, that the automobile was being driven by Herbert Ross, Jr., not as a member of his father's family and not in the pursuance of the purposes for which the automobile was bought and maintained, but on a particular personal errand of his own.

The plaintiff's next contention is that the evidence shows Herbert Ross, Sr., with knowledge that Herbert Ross, Jr. was an incompetent driver, permitted his son to drive his automobile. See *NuGrape Bottling Co. v. Knott*, 47 Ga. App. 539 (171 SE 151).

The facts in this record do not present a genuine issue of fact on this theory of negligence. The evidence shows that the defendant, Herbert Ross, Jr., had held a driver's license for a period of more than 10 years before the date of the accident, except in 1956 when his license was suspended for a period of 15 days for driving 45 miles per hour in a 30-mile per hour speed zone,

and that was the second time he had ever received a traffic ticket. This evidence falls far short of showing Herbert Ross, Jr. as being an incompetent and habitually reckless driver. R. J. Reynolds Tobacco Co. v. Newby, 145 F2d 768.

Even if it had been shown that the defendant, Herbert Ross, Jr., was an habitually reckless driver, the evidence shows that the defendant, Herbert Ross, Sr., had no knowledge of such fact. Knowledge of the driver's incompetency is an essential element of the rule which holds an owner liable for furnishing his automobile to an incompetent driver. See *Holt v. Eastern Motor Co.*, 65 Ga. App. 502, 508 (15 SE2d 895); *Graham v. Cleveland,* 58 Ga. App. 810 (200 SE 184).

The court did not err in granting the summary judgment as to the defendant Herbert Ross, Sr.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*