39092. FERGUSON v. GURLEY.

DECIDED JANUARY 18, 1962—REHEARING DENIED
MARCH 7, 1962 AND MARCH 23, 1962.

*Wm. A. Ingram,* for plaintiff in error.

*James I. Parker,* contra.

FRANKUM, Judge. 1. Before the head of a household can be held liable for the negligent operation of a family automobile by a member of his family, it must be shown that such operator was a member of his family and that the automobile was a

family-purpose vehicle. *Studdard v. Turner,* 91 Ga. App. 318 (85 SE2d 537); *Marques v. Ross,* 105 Ga. App. 133 (123 SE2d 412), and cases cited therein. The leading cases on this principle of law are *Griffin v. Russell,* 144 Ga. 275 (87 SE 10, LRA 1916F 216, AC 1917D 994), and *Hubert v. Harpe,* 181 Ga. 168 (182 SE 167). In order for the "family-car" doctrine to be applicable, it must appear that the head of the household furnished and maintained the automobile for the pleasure, comfort or convenience of his family so as to bring the operation of the automobile by a member of the family within the scope of the household head's "business." Cf. *Studdard v. Turner,* 91 Ga. App. 318, supra; *Robinson v. Hartley,* 98 Ga. App. 765 (106 SE2d 861); *Hirsh v. Andrews,* 81 Ga. App. 655 (59 SE2d 552); *Johnson v. Brant,* 93 Ga. App. 44 (90 SE2d 587); *Owens v. White,* 103 Ga. App. 459 (119 SE2d 581).

"When it is first established, at least prima facie, that a car is a 'family-purpose' car, then the agency of the family member driving is prima facie established, but the major premise may not be shown by assuming that proof of ownership plus a family member's driving is family purpose." *Durden v. Maddox,* 73 Ga. App. 491, 493 (37 SE2d 219). See *Grahl v. McMath,* 59 Ga. App. 247 (200 SE 342); *Hirsh v. Andrews,* 81 Ga. App. 655, supra; *Marques v. Ross,* 105 Ga. App. 133, supra.

In *Hirsh v. Andrews,* 81 Ga. App. 655, 658, supra, the essential elements of the family-purpose doctrine were held to be: ". . . (1) the making available an automobile for family use, and (2) liability arising when the automobile so furnished is used within the scope of the purposes for which it was made available."

With the above principles of law firmly in mind we must apply them to the facts in the instant case. There was sufficient evidence to authorize the jury to find that the plaintiff was riding in a station wagon operated by the defendant's wife, a member of his family, at the time of the collision, as a share-the-expense-passenger, which fact shows that the operator (wife) was duty bound to exercise ordinary care toward the plaintiff. *Fountain v. Tidwell,* 92 Ga. App. 199 (88 SE2d 486).

The defendant testified that the station wagon was registered in his name, financed in his name, the original bill of sale was made in his name when the station wagon was purchased, and when it was repaired, the repair bills were charged to him.

In view of the entire testimony and in construing the evidence, as we must, in the light most favorable to the verdict, we are of the opinion that the jury was authorized to conclude that the station wagon was owned by the defendant at the time of the collision, and that he furnished it to his wife to use in any manner she might see fit. See *Vaughn v. Butler*, 103 Ga. App. 884 (121 SE2d 72). Accordingly, it was a jury question whether or not the defendant maintained and furnished the station wagon as a family-purpose automobile, and whether the scope of the purposes for which the same was made available to his wife included using it as transportation to and from her place of employment, which issues the jury found against the defendant. Mulvey v. Barker, 138 Conn. 551 (86 A2d 865). See also Perfetto v. Wesson, 138 Conn. 506 (86 A2d 565).

The general grounds of the motion for a new trial are not meritorious. Because there was an issue for the jury, the court did not err in denying the defendant's motion for a judgment notwithstanding the verdict. Special grounds 4, 5, and 7 are not meritorious.

2. Special ground 6 assigns as error certain portions of the court's charge relating to concurrent causes which operate together to cause an injury, upon the ground that there was no evidence to show that the defendant's wife was in any way negligent, and, accordingly, the defendant contends that such charge was not authorized by the evidence. The facts in the instant case are similar to those of *Anderson v. Williams*, 95 Ga. App. 684 (98 SE2d 579), and it was a jury question as to whether the defendant's wife failed to exercise ordinary care to avoid the negligence of the other driver in the collision. This special ground is without merit.

3. The demurrers to the petition present questions involving essentially the same principles of law as discussed above. The court did not err in overruling the demurrers.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

### On Motion for Rehearing.

On motion for rehearing movant contends that the evidence shows that his wife was driving the station wagon on her own side of the road at a lawful speed, and was not shown to have been guilty of any acts of negligence which contributed to or constituted a part of the proximate cause.

From its very nature, negligence may consist in the doing of something which should not have been done. Negligence may also consist in leaving undone that which ought to have been done. It may, therefore, be a fault of omission as well as a fault of commission.

The plaintiff testified, without objection, as follows: "At the time we passed Mr. Moody's house there was a long rounding curve to the left, and this '60 Chevrolet was coming around on our side of the road, he was on the left when I saw him, and at that time I asked Mrs. Ferguson to get out of the road, he was going to hit us, and he continued on and sideswiped the '59 Chevrolet in front of us and came on about 200 or 250 feet and hit us, which I would say was on the left front headlight. When I yelled at Mrs. Ferguson and asked her to get out of the way, my words were, 'Sue, you are going to have to get out of the road, that fellow is going to hit us.' She didn't get out of the road till the last minute, she finally turned the wheel at the last second. She did not get out of the road. What happened, the 1960 Chevrolet hit us on our left front headlight . . ."

The plaintiff's wife, who was not a party to this action, testified as follows: "I was riding with Mrs. Ferguson, and in the car also were my husband, Mrs. Jewell Lester and Mr. Ralph Meeks. I was sitting on the right-hand side of the car. I know where Mr. J. A. Moody's house is, about eight miles this side of Dallas. As we got in front of Mr. Moody's house my husband said, 'Sue, you are going to have to get off the road, or that car will hit us.' When he said that, I looked up and saw the car coming that he was referring to, a Chevrolet convertible. When I looked up and saw it I would say it was between seven and eight hundred feet away, on the wrong side of the road. After my husband told Mrs. Ferguson to get off the road she didn't get off the road; she didn't notice his statement or say

anything to him. The Bailey automobile sideswiped the car that was in front of us which I later learned was the Radcliff car. It was a little over 200 feet in front of us. After the Bailey car sideswiped the other car he came on toward us. After he was almost on us I think Mrs. Ferguson finally turned to the right and got off the highway a little but she did not get out of the way; there was a collision."

A State Highway Patrolman, who investigated the accident, testified: "The collision between the Bailey car and the Radcliff car [the 1959 Chevrolet automobile] happened five feet three inches north of the center line, on Radcliff's side of the road. The paved portion of the road there is twenty feet, so each lane is ten feet, so the accident between the Bailey car and the Radcliff car occurred in about the center of the north lane, Radcliff's lane, and 219 feet from that point to where the Ferguson car and the Bailey car collision occurred, that is further east, so the Bailey car at its rate of speed was traveling the distance from the Radcliff car to the point of collision while the Ferguson car was approaching its point of collision, so that the Ferguson car was further back of the Radcliff car than the 219 feet by whatever amount the ratio of the two speeds would be.". He further testified that the shoulder of the road at this location was "a good 8 feet wide."

Under these facts and circumstances, we are of the opinion that it was for the jury to determine whether the defendant's wife failed to exercise ordinary care to avoid the consequences of Bailey's negligence, and whether her negligence concurred with Bailey's negligence as a proximate cause of the plaintiff's injuries. *Code* § 105-603. *Anderson v. Williams,* 95 Ga. App. 684, supra. See *Western &c. R. Co. v. Ferguson,* 113 Ga. 708 (39 SE 306, 54 LRA 802); *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6); *Willis v. Jones,* 89 Ga. App. 824 (81 SE2d 517).

*We adhere to our original opinion.*