21664.   FERGUSON v. GURLEY.

Argued July 9, 1962—Decided September 6, 1962—
Rehearing denied October 1, 1962.

*Wm. A. Ingram,* for plaintiff in error.
*James I. Parker,* contra.

Grice, Justice.   Whether the defendant's wife was guilty of negligence proximately causing the plaintiff's injuries and, if so, whether the defendant is liable under the family purpose doctrine for those injuries, are the two issues involved here.

Those issues arose in a suit by Kenneth Gurley against J. R. Ferguson, in the City Court of Polk County, for injuries sustained while riding in an automobile driven by Ferguson's wife. They are before us on grant of application for certiorari to the Court of Appeals.

The defendant filed general and special demurrers to the petition, all of which were overruled.   Upon the trial, the evidence was that the plaintiff, with others, rode back and forth with Mrs. Ferguson from Rockmart to their employment in Marietta each day, paying her $5.00 per week for that privilege. They were returning home from work when the collision in which the plaintiff was injured occurred.   According to the testimony, Mrs. Ferguson was driving about 45 or 50 miles an hour and

was following approximately 200 to 250 feet behind another automobile when an automobile appeared ahead, coming around a curve on the wrong side of the road, in Mrs. Ferguson's lane of traffic, at an excessive rate of speed. That automobile sideswiped the one ahead of the Ferguson vehicle and then collided with the Ferguson one, injuring the plaintiff. The evidence was that the oncoming vehicle was some 900 feet away when first observed by occupants of the Ferguson automobile, that those occupants warned Mrs. Ferguson she would have to get off the road or be hit, that she either did not turn the steering wheel until the last minute or did not get off the road at all, and that the shoulder of the highway where the collision took place was broad and level.

The evidence was contradictory as to ownership of the Ferguson automobile. The defendant testified that it belonged to his wife, but the evidence showed that title was in the defendant, that the registration certificate recited him as owner, that the financing evidenced his obligation, that his life was insured for payment of the obligation, and that repairs were charged to him. His explanation of the above facts was that "I simply put it in my name for convenience."

As to the purpose and use of the car, the defendant stated that he owned a truck which he used in his business and this automobile was used principally by his wife, that "I gave it to her as a gift to use, to do whatever she wanted to, but I did on occasion drive it," and that his wife was usually with him on the occasions when he used the automobile. He also told of a recent family trip in the vehicle. His statement was that "I had no interest of any kind in her salary or wages or any money that was paid for the trip or in connection with this Lockheed work or hauling these people back and forth."

The jury returned a verdict for the plaintiff, and the defendant's motions for judgment notwithstanding the verdict and for new trial were denied. The Court of Appeals affirmed. *Ferguson v. Gurley*, 105 Ga. App. 575 (125 SE2d 218). Certiorari was granted primarily to review rulings which applied the family purpose doctrine to a situation likely to reoccur.

■ Considering first the negligence feature of the case, we

conclude that, under the evidence, it was a question of fact for the jury whether the defendant's wife failed to exercise ordinary care to avoid the negligence of the driver of the approaching automobile and whether any such failure was a proximate cause of the plaintiff's injuries. See *Anderson v. Williams*, 95 Ga. App. 684 (98 SE2d 579).

"A motorist is not entitled to insist upon his right to a full half of the highway when an approaching vehicle is over the center line. He is under a duty to exercise ordinary care to avoid a collision by turning to the right . . . The extent of the turn to the right which may be required will depend upon the position of the vehicle and other circumstances." Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 2, §§ 897, 898, pp. 62, 63. Whether to make such a turn, when and how far, in the case here were questions for the jury.

The occupants of the Ferguson car were passengers, not guests, in a private vehicle. Therefore, the duty owed them was one of ordinary care. *Fountain v. Tidwell*, 92 Ga. App. 199 (5) (88 SE2d 486); Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 4, part 1, § 2271, p. 296.

We turn now to the family purpose feature.

Under the family purpose doctrine, one who furnishes an automobile for the pleasure and convenience of his family makes the use of such vehicle for such purpose his affair or business, and is liable for the negligence of a member of the family driving the vehicle for such purpose with his consent, express or implied.

In dealing with this feature of the case, we must consider the doctrine as it has been established in Georgia and determine if the instant facts are within its scope and policy.

The landmark case on this point is *Griffin v. Russell*, 144 Ga. 275, 277, 287 (87 SE 10, LRA 1916F 216, AC 1917D 994). There, a mother owned an automobile and allowed her minor son to operate it. While he was driving with several of his friends he collided with a buggy. The occupant of that vehicle sued the mother. After reviewing a number of holdings from other jurisdictions this court (one Justice concurring specially and another absent) chose to adopt the doctrine, then

in its formative stage. It held that the allegation "Defendant kept said automobile for the comfort and pleasure of her family, including . . . [the son]. He was driving said automobile at the time of the injury herein complained of, and was driving the same for the comfort of himself and friends, who were riding with him, by and with the consent of the owner of said car, the defendant," was not subject to demurrer, pointing out that "If [the mother] kept the automobile to be used for the comfort and pleasure of her family, including her minor son as a member thereof, such use was her business or affair. . ."

In its arrival at that decision, this court quoted with approval from Birch v. Abercrombie, 74 Wash. 486 (133 P 1020, 50 LRA (NS) 59): "The agency [is] induced by the fact independent of that relationship [parent and child], that the daughter was using the machine for the very purpose for which the father owned it, kept it, and intended that it should be used. It was being used in furtherance of the very purpose of his ownership, and by one of the persons by whom he intended that purpose should be carried out. It was in every just sense used in his business by his agent. There is no possible distinction, either in sound reason, sound morals, or sound law, between her legal relation to the parent and that of a chauffeur employed by him for the same purpose. The fact that the agency was not a business agency, nor the service a remunerative service, has no bearing upon the question of liability."

In the case at bar, the defendant contends that since his wife was not in fact acting for him or for the family as such, but was on her own individual business, the family purpose doctrine has no application. We cannot agree.

The decision in *Griffin v. Russell*, 144 Ga. 275, supra, laid a broad foundation for the doctrine in Georgia, and subsequent decisions of this court and the Court of Appeals have reaffirmed it. Today Georgia is among those jurisdictions which give an extensive application to the doctrine, applying it to uses which have no family accommodation but which are purely personal to the user. "In the jurisdictions which apply the family purpose doctrine to its fullest extent, it is held to impose liability on the father or head of the family who has supplied the vehicle,

*notwithstanding it is being used at the time of injury by a member of the family exclusively for his own individual use or pleasure* [citing, among others, *Hubert v. Harpe,* 181 Ga. 168 (182 SE 167) and *Hexter v. Burgess,* 52 Ga. App. 819 (184 SE 769)] . . ." 60 CJS 1073, Motor Vehicles, § 433. (Emphasis ours.)  See also 5A Am. Jur. 608, Automobiles and Highway Traffic, § 604; and Blashfield, Cyclopedia of Automobile Law, Vol. 5A, § 3116, p. 56.

The evidence here authorized the finding that the defendant owned the automobile his wife was driving, that he supplied and maintained it for the pleasure and convenience of his family, and that, at the time of the injury, it was being used for such purpose.

The wife's receipt of $5.00 per week from each of the passengers who rode to work with her was obviously pursuant to a share-the-expense arrangement, and does not make the family purpose doctrine inapplicable. We do not have a situation where the automobile itself was being used to carry on a business, but one where the automobile was used as a convenient means of transportation to the place of employment of the wife.

Also, the absence of any interest of the husband in the revenue from the trips or his wife's work does not make the doctrine inapplicable. The test is whether the automobile was provided for the pleasure, comfort and convenience of the family or any member of it and whether the use at the time of the injury was within that purpose. *Evans v. Caldwell,* 184 Ga. 203 (190 SE 582); *Studdard v. Turner,* 91 Ga. App. 318 (85 SE2d 537).

As to purpose and use, *Dunn v. Caylor,* 218 Ga. 256, 258 held: "Every case concerning the application of the family purpose doctrine must stand upon its own facts as to what the parent [the one furnishing the automobile] has voluntarily assumed as a part of the business to which he will devote himself and to which he will have his vehicle applied. The extent to which an automobile may be used for the comfort and pleasure of the family is a question to be settled by the parent [the one furnishing the automobile]. . ."

Here, it would be unreasonable to say that the jury could not find that one of the purposes for which this automobile was supplied was for the wife's comfort and convenience in trans-

portation to and from her work. Application of the doctrine would not even be open to question had the injury occurred, for example, while she was on her way home from her hairdresser's, or a bridge game, or a pleasure ride with friends. Should not her comfort and convenience in traveling to and from another town where she works be equally her husband's business if he chooses to make it so by providing an automobile for her to make the trip?

■ The above rulings are controlling as to all of the assignments of error. Therefore, the overruling of the defendant's demurrers and the denial of his motions for judgment notwithstanding the verdict and for new trial were proper.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*

CANDLER, Justice, dissenting. The family car doctrine as established by the courts of this State applies to a husband or father only when some immediate member of his family is using an automobile owned and kept by him for pleasure and convenience of his family, and is not applicable when his wife, as in this case, is using her husband's car for and in the prosecution of her own private business. The evidence in this case, as I view it, demanded a finding that the collision which injured the plaintiff resulted from neither an act of negligence committed by the defendant's wife nor from any failure on her part to use ordinary care and diligence to avoid the collision. It shows that she was driving her husband's automobile to the place of her employment; that she was wholly within her lane of the highway, traveling at from 45 to 50 miles per hour; that another person, while driving his automobile at an excessive rate of speed around a long curve on his wrong side of the highway, sideswiped an automobile about 250 feet in front of her and then collided head-on with the automobile she was driving to work and while she was still wholly within her own proper lane; and that the plaintiff, while riding with her on a share-the-expense arrangement, was injured as a consequence of the collision. Common justice and the right of a person to properly use our highways require this court to place its stamp of disapproval on the verdict rendered in this case. I am authorized to state that Chief Justice Duckworth concurs in this dissent.