### GOLDEN v. MEDFORD.

JENKINS, Justice. The Court of Appeals certified to this court the following question: "Where a married woman owns as her separate property an automobile which she keeps for the comfort, pleasure, and convenience of the members of her family including her husband, and where, with her knowledge and consent, he is riding in and directing the operation of the car for his own pleasure; and where, without the knowledge or the express consent of the wife, she not being present, the husband procures an adult person, not a member of her family, to drive the car under the direction, control, and supervision of the husband, is the wife, under the 'family-purpose doctrine' of force in this State, liable in damages for personal injuries to a third person caused by the negligence of the driver in operating the car on a public highway?" Construing this question to mean that the husband had general authority from the wife not only to ride in but to direct the operation of the car by others for his own pleasure, but that, so far as this particular instance was concerned, she had no actual knowledge, and had given no "express" consent for her husband to ride in and direct the driving of the car by the individual, not a member of the family, who was operating it under the direction of the husband at the time the accident occurred, the question as propounded must be answered in the affirmative. Nothing is here decided as to what the law would be under a state of facts other than as here indicated. See *Griffin* v. *Russell*, 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994); *Hubert* v. *Harpe*, 181 *Ga.* 168 (182 S. E. 167); *Evans* v. *Caldwell*, 184 *Ga.* 203 (190 S. E. 582); *Wells* v. *Smith*, 54 *Ga.* 262; *White* v. *Levi*, 137 *Ga.* 269 (2), 271 (73 S. E. 376).

*All the Justices concur.*

No. 13020. FEBRUARY 13, 1940.

*Carmichael & Grove,* contra.