38842. MYRICK v. SIEVERS, Next Friend.

Decided June 7, 1961—Rehearing denied July 5, 1961.

*Bouhan, Lawrence, Williams, Levy & McAlpin, John M. Brennan,* for plaintiff in error.

*Julius Fine, Braziel & Anestos, William F. Braziel,* contra.

Eberhardt, Judge. ■ This is a companion case to that of *Myrick v. Alexander,* 101 Ga. App. 1 (112 SE2d 697). The action arises out of the same automobile collision, is brought by the driver of the same vehicle in which the plaintiff in that

case was riding, against the same defendant, and the petition makes substantially the same allegations of fact and charges of negligence. In that case, as here, the defendant made the contention that there was an unauthorized delegation of authority by the son of the defendant, who owned a "family purpose automobile," in permitting a third party to drive it. There, as here, it appeared from the petition that the defendant's son was, at the time of the collision, riding in the automobile and that it was being operated by the third party with the authority and permission of the son. This court in *Myrick v. Alexander*, supra, held that the facts were "literally on all fours" with *Cohen v. Whiteman*, 75 Ga. App. 286 (43 SE2d 184). The instant case, being on all fours with *Myrick v. Alexander*, we are constrained to follow the holding in it and that in the *Cohen* case.

Applying the principle of those cases to the petition in this case, which alleged that "Willard Kirkland was the agent of P. E. Myrick, Jr., and acted within the scope of his agency upon the business and benefit of his master" and that "the acts of Kirkland were under the supervision, control and with the full knowledge of all acts by the master, P. E. Myrick, Jr., who was present and maintained control of the actions of the agent, supervised and instructed said agent in the driving and operation of the 1958 Chevrolet station wagon," and which also alleged that "the defendant P. E. Myrick is the father of P. E. Myrick, Jr., and does own and keep and maintain for the use, comfort, pleasure and convenience of his family, including his minor son, P. E. Myrick, Jr.," the said automobile, we must conclude that it is not subject to a general demurrer on the ground that it shows an unlawful delegation of authority by the son, P. E. Myrick, Jr., to the driver, Kirkland.

For the same reason the refusal of the court to give in charge written requests to the effect that in order to find against the father it would be necessary to find that the father was himself guilty of some act of negligence, as a result of which the plaintiff was injured, was not error. There was no merit in grounds four and five of the amended motion for new trial.

This principle is limited to those instances in which it appears that the member of the family of the owner who permits a third person to drive a family purpose vehicle remains in it and retains control, authority and dominion over it. It has no application to those instances when the vehicle is loaned to another who independently takes it on a trip or journey.

■ We agree that if the plaintiff here had been engaged in a "drag race" with the driver of the defendant's vehicle, the plaintiff himself, having voluntarily become so engaged, would have assumed all of the risk involved, and if injured while the vehicles were so engaged, he would have no cause of action against anybody. *Landers v. French's Ice Cream Co.,* 98 Ga. App. 317 (106 SE2d 325); *Roberts v. King,* 102 Ga. App. 518 (116 SE2d 885).

But the evidence here did not disclose that the plaintiff was, in fact, so engaged. The driver of the defendant's vehicle testified: "I was trying to race to see who could go the fastest, but I don't know about Mike, I don't think he was racing. Mr. Sievers at no time drove his car so as to endanger the car that I was driving, but . . . I did drive my car so as to endanger them. I did hit the back of Sievers' car and I did swerve in and out to harrass him." On the other hand, the plaintiff testified: "I don't believe either car was speeding when we left the Crow Bar, I'd say about 45 or 50 miles an hour. We left the Crow Bar first, and after we passed Turner's Creek Bridge the lights on the Myrick car, being driven by Kirkland, blinded me. About this time another car was coming from the opposite direction and Kirkland passed us on the right. We were doing about 55 or 60 miles an hour. We came on through Thunderbolt town and the next time I saw him was at the Skidaway Road traffic light, which was changing to green. The Myrick car was in the right-hand lane. I went on and was a little in front and Kirkland speeded up and got in front. We at no time cut across the road. Kirkland would speed up and slow down. . . I didn't even think about stopping. I was scared and wanted to get out of his way. When we reached the Casey Canal, Kirkland started weaving and turning his car back and forth for about 100 or 200

feet. Ellzey, who was in the back seat, yelled for me to get out of Kirkland's way. I saw a headlight and felt something hit me and put on my brakes."

This testimony indicates that Kirkland was engaged in racing, but the jury was authorized to find, as it did, that the plaintiff was not.

The charge requested, as set out in ground 6 of the amended motion, was thus not adjusted to the facts, and there was no error in refusing to give it.

■ The court correctly charged the principle of *Code* § 105-603, and there is no merit in ground 7 of the amended motion. The exception to the charge contained in ground 8 of the amended motion is sufficiently dealt with in headnote 3 above, and in what is said in the first division hereof.

■ Ground 9 of the amended motion was expressly abandoned by the plaintiff in error in his brief. We have dealt sufficiently with the matters excepted to in ground 10 in the fourth headnote.

■ There was testimony that Kirkland, the driver of the defendant's automobile, operated it at speeds up to 120 miles per hour in driving it from the "Triple X" to "Connie's" on Wilmington Island, a distance of some six miles, where both cars had been driven for the purpose of engaging a boat for the following day. At some time later the two cars made the return trip from Wilmington Island to town and the collision occurred at a point on Victory Drive. The time between the two trips was estimated by the witnesses for a period up to an hour. Timely objection was made to the evidence as to the speed at which the Myrick car was operated on the trip down to the island on the ground that it had occurred on an entirely separate trip and was not connected with the occasion of the collision, and that since the return trip had been almost completed it had occurred at a point 12 miles away from where the collision happened.

If the evidence had been offered solely to show negligence in the operation of the Myrick car at a speed in excess of the speed limit at the time and place of the collision, we would agree that it was too remote both in the matter of time and

distance. Moreover, it had occurred on a trip which was not a continuous one leading to the place of collision. Such evidence would not come within the rule of *Lovejoy v. Tidwell*, 212 Ga. 750 (95 SE2d 784). But the plaintiff charged, as a ground of negligence, that the defendant was negligent "in permitting and consenting to the operation of defendant's car by said Willard Kirkland," and it was admissible for the purpose of showing that young Myrick had been negligent in allowing Kirkland to drive the car on the return trip. Although he may not have been negligent in this respect when he first permitted Kirkland to drive on the trip down, yet after riding down in the car with him and having opportunity to observe his operation of it at high and dangerous rates of speed and in a reckless manner, the jury would be authorized, on the basis of this evidence, to find that he was negligent in permitting Kirkland to drive on the return trip. *Burks v. Green*, 85 Ga. App. 327, 329 (69 SE2d 686); *NuGrape Bottling Co. v. Knott*, 47 Ga. App. 539 (1) (171 SE 151); *Crisp v. Wright*, 56 Ga. App. 338 (192 SE 390); *Durden v. Maddox*, 73 Ga. App. 491, 493 (37 SE2d 219). Consequently, the court did not err in overruling the objection to such evidence, and there is no merit in ground 11 of the amended motion for new trial.

■ There was some misunderstanding relative to the matter of whether counsel for the parties had stipulated that the deposition of one H. C. Strickland, a witness for the plaintiff in the companion case of *Alexander v. Myrick*, and a resident of Washington, D. C., could be used in the trial of this case. The plaintiff here offered it, and the court, over objection, admitted it. There was no objection that it was not relevant. We have dealt with this issue in the sixth headnote. The evidence of a witness who is not accessible because of death, because he resides out of the State or other such sufficient cause, whether it be that delivered on a prior trial, or by way of deposition, interrogatory or discovery, is admissible when offered in the trial of a cause between substantially the same parties, on substantially the same issues. A companion case growing out of a common occurrence, though not wholly between the same parties, is such a case. Thus the deposition here was admissible

whether counsel had stipulated for its use in this case or not.

■ It was not error for the court, on objection, to exclude evidence elicited by means of a leading question on direct examination. There is no merit in ground 12 of the amended motion.

*Judgment affirmed.  Carlisle, P. J., and Nichols, J., concur.*