## 41781. STRICKLAND v. MOORE.

Submitted February 9, 1966—Decided February 25, 1966.

*D. Gerald Ricci,* for appellant.

*Henning, Martin & Jones, Edward J. Henning,* for appellee.

JORDAN, Judge. This is an appeal from the judgment of the trial court directing a verdict in favor of the defendant in an action for damages in which the liability of the defendant was predicated upon the family purpose car doctrine.

■ "The head of a family who keeps and maintains an automobile for the use, comfort, pleasure and convenience of the family is liable for an injury resulting from the negligence of a minor son, a member of the family, while operating the automobile with the knowledge and consent of the owner, for the comfort or pleasure of the family, and thus in pursuance of the purpose for which it was kept and maintained by the parent." *Cohen v. Whiteman,* 75 Ga. App. 286, 288 (43 SE2d 184).

"The family purpose doctrine does not make the mere fact of family relationship standing alone the 'be-all and the end-all here' but is itself also grounded upon the principles of law of

■

principal and agent, and master and servant. *Griffin v. Russell*, 144 Ga. 275 (87 SE 10, LRA 1916F 216, AC 1917D 994); *Grahl v. McMath*, 59 Ga. App. 247 (2) (200 SE 342). In two cases it has been held in this State, that where the owner of a vehicle kept for the pleasure and convenience of the family turns it over to a member of the family with general authority to direct its operation, or with knowledge that the automobile was being used by the permittee and others under such circumstances that a conclusion is warranted that the owner does not object to the automobile being driven by such others, the permittee being in the automobile which is being operated for his purposes, then the mere fact that another than the permittee is physically operating the vehicle will not preclude recovery, as it is being used for the purposes for which it is kept. *Golden v. Medford*, 189 Ga. 614 (7 SE2d 236); *Cohen v. Whiteman*, supra. *But, unless the permittee is expressly or impliedly authorized by the owner of the vehicle to appoint a subagent for that purpose, the owner will not be liable.* *Carter v. Bishop*, 209 Ga. 919, 928 (76 SE2d 784)." *Mason v. Powell*, 92 Ga. App. 496, 498 (88 SE2d 734). (Emphasis supplied.)

The evidence adduced on the trial of this case disclosed no relationship whatever between the driver of the defendant's car and the defendant, either as principal and agent, master and servant or head of household and member of family; and the mere fact that the defendant's son, who was allowed to drive the automobile as a family purpose car, was present in the automobile, would be insufficient to make the defendant liable for its operation by a third party in the absence of evidence that the son had express or implied authority from the defendant to allow a third party to drive the automobile under his direction and control and that it was being so operated at the time. *Mason v. Powell*, supra; *Golden v. Medford*, supra; *Cohen v. Whiteman*, supra; *Samples v. Shaw*, 47 Ga. App. 337 (170 SE 389); *Myrick v. Alexander*, 101 Ga. App. 1 (1) (112 SE2d 697).

On this issue the uncontradicted evidence disclosed that the son had been specifically instructed by the defendant not to allow anyone else to drive the automobile; that the son in accordance with these instructions had refused to give the third

party permission to drive the automobile, and that the third party had forcibly assumed possession and control of the car over the son's protests and objections. Under these circumstances, a finding was demanded that the defendant's automobile was not being used as a family purpose car at the time of the fatal occurrence; and this being the only basis for the defendant's liability, the trial court did not err in directing a verdict in favor of the defendant.

■ "A judgment of a trial court, which after a writ of error stands unreversed, or to which no exception has been taken, is the law of the case." *Palmer v. Jackson,* 188 Ga. 336, 338 (4 SE2d 28). Since an order of the trial court denying a motion for summary judgment is not a reviewable judgment (*Code Ann.* § 110-1208; *Burnam v. Wilkerson,* 217 Ga. 657 (1) (124 SE2d 389)), it necessarily follows that the refusal to grant a summary judgment cannot constitute the law of the case on any issue. Accordingly, there is no merit in the contention of the plaintiff that the trial court's refusal to grant the defendant's motion for summary judgment constituted the law of the case, that the issues upon which the motion was predicated were for the jury's determination so as to preclude the subsequent direction of a verdict by the court.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*