41811. PARROTT v. EDWARDS et al.

ARGUED FEBRUARY 9, 1966—DECIDED MARCH 8, 1966—
REHEARING DENIED APRIL 1, 1966—

426

*Duncan & Gary, Vernon W. Duncan,* for appellant.

*David N. Vaughn, Carlton McCamy, William A. Ingram,* for appellees.

EBERHARDT, Judge. ■ The evidence amply supports the verdict; the general grounds are without merit.

■ Exclusion of the Barnwell deposition was error. It was taken in a companion case, growing out of the same automobile collision, involving the same or substantially the same issues and between substantially the same parties. *Code* § 38-314; *Myrick v. Sievers,* 104 Ga. App. 95 (121 SE2d 185). It is not necessary that the parties to the two cases be the same, only substantially the same. The test is fully met here. That John McKenzie is a party appearing in the second suit but not in the first is not enough to alter the rule, particularly since his liability, if any, was a vicarious one growing out of his furnish-

ing to his son, Jerre McKenzie, a family purpose vehicle. The parties are substantially the same. *Atlanta & W. P. R. Co. v. Venable*, 67 Ga. 697; *Gavan v. Ellsworth*, 45 Ga. 283 (4); *Goodwin v. Allen*, 83 Ga. App. 615 (64 SE2d 212); *J. J. Woodside Storage Co. v. Carr*, 108 Ga. App. 34 (8a) (132 SE2d 241); Moultrie Nat. Bank v. Travelers Indem. Co., 181 FSupp. 444. It is really a rule of necessity, and the reason upon which it is grounded is substantially the same as that discussed in *Moore v. Atlanta Transit Co.*, 105 Ga. App. 70 (123 SE2d 693). Dr. Barnwell is a resident of Tennessee, beyond the reach of the subpoena powers of the courts of this State. He was unavailable for the trial. The situation is the same as that with which we dealt in *Myrick v. Sievers*, 104 Ga. App. 95, supra.

This error, however, is only as to the case against the defendant, Jerry Cleveland Edwards. The purpose of the deposition was to show the nature and extent of Parrott's injuries, and since the jury has found that no liability attached to the other defendants, error in the admission or exclusion of evidence going to the extent or nature of the injuries was harmless in the case against them. *Archer v. Kelley*, 194 Ga. 117 (4) (21 SE2d 51); *Strickland v. Babcock Lbr. Co.*, 142 Ga. 120 (2) (82 SE 531); *Rountree & Co. v. Gaulden*, 123 Ga. 449 (4) (51 SE 346); *Lewis v. Adams*, 61 Ga. 559 (4); *Atlantic C. L. R. Co. v. Tomlinson*, 21 Ga. App. 704 (3) (94 SE 909). If, as to these defendants, no liability attached, it must follow that evidence as to the nature and extent of the plaintiff's injuries could not have changed the verdict.

■ Error is assigned upon a charge that the plaintiff "must have been in the exercise of ordinary care for his own safety at the time and place complained of and if by the exercise of ordinary care on his part he could have avoided the negligence of these defendants, or either of them, if you find they were negligent, he would not be entitled to recover in this case," because it was not charged (without request) in connection therewith that the plaintiff would be barred from recovery for failure to exercise ordinary care for his own safety only after the negligence of the defendants, or either of them, became apparent or should reasonably have been apparent to him.

The defendants had affirmatively pleaded in their answers that the plaintiff failed to have control of his automobile immediately before the collision with Jerry Cleveland Edwards, that he failed to apply his brakes and was driving at a speed that was greater than was reasonable and proper under the circumstances. Jerry Cleveland Edwards pleaded and testified that plaintiff had driven his car with only one light burning.

There was a full charge on the matter of comparative negligence.

While it has been held that it is a proper practice to include the charge that the duty of the plaintiff to exercise ordinary 'care to avoid the consequences of the. defendant's negligence does not arise until that negligence is apparent, or would be apparent in the exercise of reasonable diligence (*Chandler v. Pollard*, 64 Ga. App. 122 (12 SE2d 190); *Wright v. Concrete Co.*, 107 Ga. App. 190, 198 (129 SE2d 351)), we have found no case holding that the failure to include it is reversible error. Indeed, it appears that the opposite result was reached in *Brunswick Light &c. Co. v. Gale*, 91 Ga. 813, 817 (18 SE 11).

■ Error is assigned on the charge that "it is not necessary for the plaintiff to prove all the acts of negligence set out and charged against each of the drivers in this case, but it is absolutely necessary and essential that he prove sufficient acts of negligence against each driver to constitute the proximate cause or a contributing proximate cause to the injury and damage complained [of]," upon the ground that it placed upon the plaintiff the burden of proving more than one act of negligence on the part of the defendant Frank Richard Edwards.

As appellant asserts in his brief, the court charged, in connection with this that "injury alone does not create or impose liability, and negligence alone does not create or impose liability. In order for negligence to create or impose liability, insofar as the defendant, Frank Richard Edwards, is concerned, the plaintiff must have been injured as a result of the negligence of the defendant, Frank Richard Edwards, *in one or more of the particulars set forth* in the plaintiff's petition as amended, which such negligence must have constituted the proximate cause or

a contributing proximate cause to the alleged injury or injuries sustained by the plaintiff."

It may well be doubted that placing the burden on the plaintiff to prove "sufficient acts of negligence against each driver to constitute the proximate cause or a contributing proximate cause" goes so far as the charge criticized in *Chandler v. Pollard*, 64 Ga. App. 122 (1), supra, where the plaintiff was restricted in his right to recover to proof of "all or some of the acts of negligence alleged," and we think "sufficient acts" to constitute proximate cause or a contributing proximate cause may be one or more of the acts of negligence charged. This is clearly made to appear by the charge that followed, explaining that plaintiff must prove the negligence of the defendant "in one or more of the particulars set forth." In determining whether there was error in the charge it should be examined as a whole. *Brown v. Matthews*, 79 Ga. 1 (1) (4 SE 13).

A further contention that the charge here eliminated the concurrent negligence principle and placed upon plaintiff the burden of proving that Frank Richard Edwards was the prime tortfeasor is without merit.

■ Several applicable Code sections prescribing rules of the road for drivers of motor vehicles were included in the charge and read to the jury, after which the court instructed that "if you find that either of these drivers violated either of those Code sections which I read to you, that would be negligence per se, or negligence as a matter of law." It is contended that this portion of the charge was error because by it the Code sections were made applicable to the plaintiff when there was no evidence that he had violated either of them. As is pointed out above, the defendants pleaded negligence on the part of the plaintiff in the operation of his vehicle, in driving at a speed greater than was reasonable and proper, failing to have it under control, failing to turn to the right, and failing to apply his brakes. There was evidence as to the fact that the pavement was wet, that it was or had been raining and that plaintiff was driving at a speed of from 45 to 50 miles per hour. Thus the portions of the statute charged were applicable. Evidence as to the negligence on the part of plaintiff was weak, and the

jury may well have reached a determination that he was not negligent, but this was a question for them to resolve. It was proper for the court to deliver the charge as given to aid them in making their determination.

■ Recovery against the defendants John McKenzie and Jerre McKenzie was sought on the basis of the family car doctrine, pleaded in the petition, and supported by the evidence. It is contended that the court erred in failing (without request) to charge Code § 105-108, generally or in substance. We find no error in this. The court charged that "any liability of Jerre McKenzie and John McKenzie would be derivative from Frank Richard Edwards, [and] unless you find that the driver Frank Richard Edwards is liable, then I charge you that Jerre McKenzie and John McKenzie would not be liable in this case. If you find that Frank Richard Edwards is liable in this case, then I charge you that both Jerre McKenzie and John McKenzie may be liable."

This is an application of the family car doctrine to the facts as pleaded and proven in that respect. If any further elaboration were desired it should have been timely and appropriately requested.

■ Error is assigned upon the charge as to the form of the verdict that could have been returned as to the defendant Frank Richard Edwards. We think the charge was full and fair as to all forms of verdicts possible. In respect to the defendant, Frank Richard Edwards, they were instructed that "If you find in favor of the plaintiff against the defendant, Frank Richard Edwards and not Jerry Cleveland Edwards, the form of your verdict would be "we the jury find in favor of the plaintiff and against the defendants Frank Richard Edwards, Jerre McKenzie and John McKenzie," for whatever amount they should arrive at as being fair and proper. This was correct, for the evidence demanded a finding that the McKenzie vehicle was a family purpose car. Cf. *Cohen v. Whiteman,* 75 Ga. App. 286 (43 SE2d 184); *Myrick v. Sievers,* 104 Ga. App. 95, supra. They were also instructed as to returning a verdict against all defendants, or against Jerry Cleveland Edwards alone. The jury could not have misunderstood.

■ Error is assigned upon a charge given relative to the matter of comparative negligence when the jury was recalled after having retired to the jury room. The additional charge was to cover a situation in which the jury might find that the plaintiff and a defendant had been equally negligent, and which the court felt had not been adequately covered in the charge given. We find no error in the additional charge. The contention that it had the effect of directing the jury to find that the plaintiff had been negligent in some respect is unfounded, particularly when the additional charge is considered along with the charge on comparative negligence as first given.

■ Error is assigned upon a charge that if the jury should find in favor of the plaintiff and that he would experience pain and suffering in the future, any amount awarded for that should be reduced to its present cash value by using the rate of seven percent per annum.

This charge was error. *Southern R. Co. v. Bottoms*, 35 Ga. App. 804 (2) (134 SE 824); *Bagley v. Akins*, 110 App. 338 (2) (138 SE2d 430).

But again, it was reversible error only as to plaintiff's case against the defendant Jerry Cleveland Edwards, for the returning of a verdict against him only and in favor of all other defendants, was a determination that no liability attached as to the remaining defendants. *Bagley v. Akins*, 110 Ga. App. 338 (2), supra. "Wrong directions which do not put the traveler out of his way furnish no reason for repeating the journey." *Cherry v. Davis*, 59 Ga. 454, 457.

■ Error is assigned upon failure of the court (without request) to include a charge on the law of concurring negligence. It is contended that this placed a burden upon the plaintiff, greater than the law requires, of proving that negligence of the defendant Frank Richard Edwards was the proximate cause or contributing proximate cause, when all that was required was that it be shown that the negligence of Frank Richard Edwards in some degree contributed to plaintiff's injury.

The court charged that "if you find that it happened so near simultaneous as to be incapable of being separated and not being able to determine which collision actually caused the injury and

damage, then it would be what the law denominates and calls joint and concurrent acts of negligence and would not relieve the driver and the owner of the car and the son who was riding with [Frank Richard Edwards] from liability." While this may not have been as full and complete a charge on the principle of concurring negligence as might have been given, yet, in the absence of any timely request for a fuller charge on that subject we find no reversible error.

■ The contention that the charge was error because it was, "as a whole, too favorable to the defendants," is without merit.

*Judgment reversed as to appellee, Jerry Cleveland Edwards, for reasons stated in Divisions 2 and 9 and affirmed as to remaining appellees. Bell, P. J., and Jordan, J., concur.*