42446.  PRITCHETT v. WILLIAMS et al.

ARGUED JANUARY 3, 1967—DECIDED JANUARY 10, 1967.

*Sams & Sams, Marion A. Sams,* for appellant.

*J. V. Malcolm, Jr.,* for appellees.

HALL, Judge. Our courts have held that a parent who furnishes a car to a son for family purposes is responsible for injuries resulting from negligence of a third person whom the son permits to drive, where the son remains in the automobile and retains control, authority and direction over it, and where the automobile is being used in furtherance of the purposes of a family car. *Cohen v. Whiteman,* 75 Ga. App. 286 (43 SE2d 184); *Myrick v. Sievers,* 104 Ga. App. 95 (121 SE2d 185); accord *Golden v. Medford,* 189 Ga. 614 (7 SE2d 236). The decisions adopting the family car doctrine as the law of Georgia were "based squarely upon the relation of master and servant or principal and agent" (*Hubert v. Harpe,* 181 Ga. 168, 171 (182 SE 167); *Evans v. Caldwell,* 184 Ga. 203 (190 SE 582), cf. *Sledge v. Law,* 113 Ga. App. 746, 748 (149 SE2d 758), the child to whom a parent furnished a car for his pleasure and convenience being deemed to occupy the position of a servant or agent of the parent (*Griffin v. Russell,* 144 Ga. 275 (87 SE 10, LRA 1916F 216, AC 1917D 994)).

An agent, unless his principal authorizes him to delegate his responsibility, is not authorized to procure another to operate an automobile in furtherance of the purposes of the agency. *White v. Levi & Co.,* 137 Ga. 269 (73 SE 376); *Carter v. Bishop,* 209 Ga. 919, 927 (76 SE2d 784); *Cowart v. Jordan,* 75 Ga. App. 855 (44 SE2d 804); 8 AmJur2d 200, Automobiles and Highway Traffic, § 643; 60 CJS 1087, Motor Vehicles, § 436b. The *Cohen, Myrick,* and *Golden* cases, supra, may be said to come within an exception to the rule just stated, based on the fact that the agent is present and directing and controlling the operation of the automobile by another person. 8 AmJur2d 201, § 643; 60 CJS 1089, § 436b. In no case in Georgia has it been held that the parent is liable when the son or family member was not in the automobile and directing its use, or when it was not being used for a family purpose. See *Samples v. Shaw,* 47 Ga. App. 337, 339 (170 SE 389); *Mason v. Powell,* 92 Ga. App. 496, 498 (88 SE2d 734); *Johnson v. Brant,* 93 Ga. App. 44 (90 SE2d 587).

The fact that an automobile owner gives a family member possession and permission and consent to operate an automobile for family purposes does not alone imply that the owner authorizes the family member to delegate to another his authority to operate the automobile outside his presence, direction and control. See 5A Blashfield, Cyclopedia of Automobile Law and Practice 82, § 3121; 8 AmJur2d 149, Automobiles and Highway Traffic, § 594. When there are no particular facts sufficient to show that an automobile owner has authorized a family member to authorize another person to drive the automobile, the owner is not liable under the family purpose rule for injuries caused by the negligent operation of the automobile by the third person outside the presence and control of the family member.

The superior court did not err in overruling the plaintiff's petition for certiorari.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*