## 48592. TRUST COMPANY OF GEORGIA v. HOWARD.

STOLZ, Judge. Defendant appeals from the judgment of the Superior Court of Putnam County overruling its motion for directed verdict and for judgment n. o. v. in a negligence case in which the jury returned a verdict for the plaintiff.

Defendant contends that as a matter of law the pleadings and evidence demand a judgment in its favor. Paragraph 5 of the complaint alleged that "the said 1960 Chevrolet automobile owned by the defendant at the time of said collision was kept, used and maintained by him as a family car for the use, pleasure and enjoyment of the members of his family, and at the time of said collision Betty Norton, at the request of the defendant's wife, had driven to Red's Drive-In in defendant's automobile to buy refreshments for the defendant's family." This paragraph was admitted by the defendant.

Succinctly stated, the evidence showed that Peter J. Rice owned two automobiles. The vehicles were used interchangeably by him and his wife. On the date in question, Mrs. Rice, Beth Rice ( a 15-year-old daughter), Betty Norton (now Bearden) and two of Beth's other friends were making costumes at the Rice home when they ran out of material. Mrs. Rice "asked Betty [Norton] if she would take the car and drive so that they could get whatever it was that [was] needed." Betty Norton was the only one of the girls present who had a driver's license. She was not a member of the Rice family or household. The collision causing the plaintiff's injuries occurred while Miss Norton was driving the Rice vehicle on the errand. Beth Rice and the other two young girls were in the car at the time, but did not testify at the trial. Mrs. Bearden (nee Betty Norton) testified that Beth Rice did not in any way tell her where to go, how to go, or how to operate or control the car; that she had control of the automobile and was not subject to any supervision or control or direction; and that she had full responsibility for it.

The suit originally named only Peter J. Rice as defendant. At his death, the Trust Company of Georgia, as executor of Mr. Rice's estate, was made the party defendant. At the close of the evidence the defendant moved for a directed verdict on the ground that there had been no showing that there was any legal liability upon the defendant under the family purpose doctrine or any agency as far as the named parties are concerned. The trial judge overruled the motion. Defendant then filed a written motion for judgment n.o.v. on the same grounds, which the trial judge overruled. *Held:*

The trial judge was in error. There was no evidence that at any time Mr. Rice ever authorized Mrs. Rice to allow other persons to drive the automobile — even on family business so as to make the family purpose doctrine applicable. The fact that the vehicle

may have been a "family purpose vehicle" when used by members of the family or household, would not necessarily make it one when used by a third party — not a member of the family or household. "The fact that an automobile owner gives a family member possession and permission and consent to operate an automobile for family purposes does not alone imply that the owner authorized the family member to delegate to another his authority to operate the automobile outside his presence, direction and control. See 5A Blashfield, Cyclopedia of Automobile Law and Practice 82, § 3121; 8 AmJur2d 149, Automobiles and Highway Traffic, § 594. When there are no particular facts sufficient to show that an automobile owner has authorized a family member to authorize another person to drive the automobile, the owner is not liable under the family purpose rule for injuries caused by the negligent operation of the automobile by the third person outside the presence and control of the family member." *Pritchett v. Williams,* 115 Ga. App. 8, 10 (153 SE2d 639).

*Judgment reversed. Bell, C. J., Hall, P. J., Eberhardt, P. J., and Clark, J., concur. Pannell, Deen, Quillian and Evans, JJ., dissent.*
ARGUED SEPTEMBER 6, 1973 — DECIDED JANUARY 31, 1974.

*Harris, Russell & Watkins, Joseph H. Davis,* for appellant.
*Milton F. Gardner, Hugh P. Thompson,* for appellee.

PANNELL, Judge, dissenting. Under the pleading, as admitted, and the evidence in this case, the following facts existed: Defendant, Peter J. Rice (deceased, executor substituted) owned a 1960 Chevrolet, at time of collision, that was kept, used and maintained by him as a family car for the use, pleasure and enjoyment of the members of his family, and at the time of said collision, Betty Norton, who was not related to or lived within defendant's household, at the request of the defendant's wife, had driven to Red's Drive-In in defendant's said 1960 Chevrolet automobile to buy refreshments for the defendant's family and whatever materials that were needed by Mrs. Rice and the group at her house. Betty Norton, at that time 16 years of age, was the only one of the girls present who had a driver's license. Beth Rice, 15-year-old daughter of defendant and who had a learner's license, and two other girls accompanied Miss Norton on the trip.

Miss Norton's testimony was that Mrs. Rice, defendant's wife, asked her to take Beth Rice and her two friends to Red's Drive-In

to get cokes; that she had driven the car as directed and that after going to the drive-in, the collision occurred as she was pulling out of the driveway of Red's Drive-In. She further testified that Beth Rice was not telling her where to go or how to operate the car, and that she had control of the automobile and that she was not subject to any supervision or control of anybody in the car. This was objected to as a conclusion by the plaintiff, but was overruled. The statement of the driver that the family member had no authority to control her driving, while under the law of the case, may not be a conclusion of the witness; yet the family member, as agent of the father, had such right as a matter of law, it not appearing that either the father or the mother had expressly forbidden the exercise thereof. Under these circumstances, the jury was not bound to accept this statement of the driver.

The jury returned a verdict and judgment was rendered plaintiff, and defendant appealed to this court.

Under these facts, I think it is undisputed that the wife, under the "family car doctrine" was authorized to drive and control the car for the use and enjoyment of herself and family. *Ferguson v. Gurley,* 218 Ga. 276 (127 SE2d 462). The same would also apply to the daughter of owner with limitation that she drive only when accompanied by an adult. Here, Miss Norton was driving to a place as directed by Mrs. Rice, who was not present in the car, but Beth Rice, her daughter, was in the car. While it is shown that the daughter did not direct Miss Norton how to drive, it does not necessarily follow that she could not have done so if she had so chosen, or, that being a member of the family, she had no right to do so. Could the jury, under the facts in this case, find that she had the right, whether she exercised it or not? The jury heard the evidence and had the right and duty to construe it. Could they have construed the statements of Miss Norton to only mean that she was totally in physical control of the operation unless directed otherwise by the daughter — especially when she testifies that she was directed or requested by Mrs. Rice, the mother, to go to' Red's Drive-In? I think they could have and did. We must construe the evidence to uphold the verdict if it can do so.

While some cases, such as *Pritchett v. Williams,* 115 Ga. App. 8 (153 SE2d 639) and *Myrick v. Sievers,* 104 Ga. App. 95 (121 SE2d 185), hold that the father is liable under the family car doctrine for negligence of the third person who was permitted by the son to drive, where the son remained in the automobile and retained control, authority and direction over automobile, and where the

automobile was still being used in furtherance of its purpose as a family car; they do not hold that one member with authority cannot give permission and another member, if in the car, cannot direct and control its operation.

It was stated in *Hubert v. Harpe,* 181 Ga. 168, 171 (182 SE 167), "In every such case the question is whether the father has expressly or impliedly made the furnishing of an automobile for such purpose a part of his business, so that one operating the vehicle for that purpose with his consent, express or implied, may be considered as his agent." It was also said on pages 175 and 176 in that case: "It is true that an automobile is not a dangerous instrumentality, so as to make the owner liable, as in the case of a wild animal loose on the streets; but, as a matter of practical justice to those who are injured, we can not close our eyes to the fact that an automobile possesses excessive weight, that it is capable of running at a rapid rate of speed, and, when moving rapidly upon the streets of a populous city, it is dangerous to life and limb and must be operated with care. If an instrumentality of this kind is placed in the hands of his family by a father, for the family's pleasure, comfort, and entertainment, the dictates of natural justice should require that the owner should be responsible for its negligent operation because only by doing so, as a general rule, can substantial justice be attained." Here, there is no question that it was part of his business, for such is stipulated. As to the second portion, could the jury find that he had impliedly consented for one other than a member of his family to be his agent, when his wife had instructed her to drive on family business and his daughter accompanied the driver in the car? We think, under the particular facts of this case, that they were authorized to so find.

I would affirm the lower court.

I am authorized to state that Judges Deen, Quillian and Evans concur in this dissent.

Deen, Judge, dissenting. I thoroughly agree with a statement in the majority opinion as follows: "The fact that the vehicle may have been a family purpose vehicle when used by members of the family or household would not *necessarily* make it one when used by a third party." (Emphasis supplied.) My position is that this is true, and it is also true that it would not *necessarily* remove it from the family purpose scope where a member of the family delegates another to do a family chore. Here a jury verdict is being overturned and judgment notwithstanding the verdict awarded the defendant although: 1. Defendant admitted the car was a family

purpose car. 2. Defendant admitted it was being driven at the request of defendant's wife. 3. Defendant admitted the purpose of the trip was to buy refreshments for the defendant's family. 4. The uncontradicted evidence showed that the defendant's daughter and her friends were making clothes (costumes) under the directions of defendant's wife in defendant's home and that they needed thread, material and refreshments, all of which are, if the jury find them so, necessities which a wife has the implied authority to purchase. Mrs. Rice, then, had the right and duty to procure these goods, and she had the right to use the car for family purposes, and she certainly, if the jury so found (even though not "necessarily") had the right to dispatch the car with a licensed driver to perform a family duty which it devolved upon her as a mother of the family to get performed.

The decision in this case not only grants a judgment to the defendant regardless of whether a jury question on the wife's agency was presented, but it makes it impossible in such a case for a plaintiff ever to recover: (a) The owner of the car is dead. (b) This court puts the burden to show directly, rather than circumstantially, that the wife was authorized by the husband to send the car on a family errand by designating another driver. (c) This makes it necessary for the wife to offer evidence both that she was the agent of her husband in regard to the car, and that he specifically authorized her as such agent to designate a driver other than herself. (d) But the wife as agent cannot prove this agency by her own declarations, the principal being dead. "Agency cannot be proved by the declaration of the alleged agent. It is mere hearsay, and has no probative value." *Griffith v. Federal Land Bank,* 190 Ga. 578, 580 (10 SE2d 71) and citations. (e) Therefore, according to the majority reasoning, these facts can never be proved and a plaintiff can never prove her case.

I think it unnecessary and unworkable to put such a burden on a plaintiff. Rather, the jury has a right to assess the totality of the circumstances, and to draw an inference, from the undisputed facts that (a) the wife was in charge of a group of young children, (b) the car was in her custody and was a family purpose car, and (c) thread, materials and refreshments are presumed necessities for the procurement of which she is her husband's agent — the jury has a right under these circumstances to conclude that she had a right to send the driver to the store on this errand as she would her own child or any other employee. Cf. Turner v. Hall's Admx. (Ky.) 252 S. W. 2d 30, where the court held that the entire purpose of the

family purpose doctrine would be destroyed if the owner could relieve himself of liability by specific instructions known only to himself and the family member involved.

Let me add that I reach this conclusion also because of the reasons set out by Judge Pannell.

EVANS, Judge, dissenting. I concur in Judge Pannell's dissent. It was undisputed that the car in question was a family purpose automobile, which means it was furnished to the owner's family for their *pleasure and convenience. Griffin v. Russell,* 144 Ga. 275 (1) (87 SE 10). The mother directed a third person to drive the automobile on an errand for the mother's *pleasure and convenience,* thus relieving the mother of having to attend to this chore herself. The wreck occurred while the third person was driving the car, accompanied by another member of the family of the owner. The majority opinion makes much of the fact, as it contends, that the evidence failed to show the family member was supervising or directing the way and manner the car was being driven. Judge Pannell's dissent correctly points out that the family member was present in the car and could have governed the way the car was driven had she desired. But that is not where the pressure of the case lies. *There is no decision by the courts of Georgia, so far as I can discover by diligent search, which holds that a family member must be present in the car at the time of the collision in order for the automobile to come within the purview of the family purpose doctrine.*

In *Pritchett v. Williams,* 115 Ga. App. 8 (153 SE2d 639), this question is discussed, and a finding made against the owner's responsibility. But in addition to failing to discuss *implied authority* an *express authority* from the owner to the effect that his family member may authorize another to drive the car, this meaningful language is used near bottom of page 9, to wit: "In no case in Georgia has it been held that the parent is liable when the son or family member was not in the automobile and directing its use, *or when it was not being used for a family purpose.*"(Emphasis supplied.) This language is clear and concise and can have no meaning except that the parent (owner of the automobile) is liable: 1. When a family member is in the automobile and directing its use; 2. Or, when the car is being used for a *family purpose.* In the case sub judice, it is as clear as can be that the car was at the time of the collision being used for a family purpose, that is, for the pleasure and convenience of the wife of the owner, in that she had sent a nonmember of the family on an errand in the car. That there

are authorities which hold that where a family member is present in the car, this is enough to prove family purpose doctrine (see *Pritchett v. Williams,* 115 Ga. App. 8, 9, supra; *Myrick v. Sievers,* 104 Ga. App. 95 (121 SE2d 185)), is not equivalent to holding *that unless a family member is present, the family purpose doctrine does not apply.* In the case sub judice, the mother's pleasure and convenience could best be served by sending a third person on an errand for the mother, in which the use of the family purpose car was necessary. To limit the mother in such use would effectively deprive her of "pleasure and convenience" in the use of the car, which is an inherent part of the family purpose doctrine.

Of course, the owner of an automobile may place a limitation on its use by instructing the members of his family that no other person is to be allowed to drive the car under any circumstances. And if the *uncontradicted evidence* at the trial shows the imposition of such limitation, then the driving of the car by one not a member of the family would conclusively be outside the family purpose doctrine. But here it is not even contended that any such limitation was imposed. That means the father meant for his family to use the car *in serving their pleasure and convenience* without limitation. That is exactly what the mother did here; she needed an errand performed in her behalf which it was not convenient for her to perform; and as no other adult member of the family with a driver's license was present, she instructed a nonfamily member, with a driver's license, to drive the car *for the mother's pleasure and convenience.* Surely this was within the family purpose doctrine and within the reasons for which the father furnished the car to his family.