### 50097. DIXON v. PHILLIPS et al.

EVANS, Judge.

The owner of a family purpose automobile allowed his minor son, a member of his household, to drive the car. The son permitted another to drive, and a collision occurred. The father testified by affidavit on summary judgment that he had expressly forbidden his son to allow any other person to drive the car.

The lower court holds that notwithstanding the son was present in the automobile, retaining control and direction over it, the defendant owner's motion for summary judgment should have been granted, and plaintiff appeals. *Held:*

The question here is not what instructions the father gave his son as to the way and manner in which the son operated and managed the vehicle, because the owner could not limit his liability by such private instructions, to which the injured parties were not privy. The test is as to whether the car was being operated in the scope of the owner's business. The owner had made it his business to furnish a car for the pleasure and convenience of members of his family. The law does not allow a principal to insulate and absolve himself of liability by private instructions to his agent. See *Evans v. Caldwell,* 52 Ga. App. 475 (2) (184 SE 440). The "family purpose car doctrine" is an extension of the principal-agent re-lationship, as is held in an earlier Georgia case on the subject, to wit, *Griffin v. Russell,* 144 Ga. 275 (1), 278 (87 SE 10).

The *Griffin* case, supra (p. 281), quotes approvingly from Birch v. Abercrombie, 74 Wash. 486 (133 P 1020), which holds: "It seems too plain for cavil that a father, who

furnishes a vehicle for the customary conveyance of the members of his family, makes their conveyance by that vehicle his affair, — that is, *his business,* — and anyone driving the vehicle for that purpose with the consent, express or *implied, whether a member of the family or another,* is his agent." (Emphasis supplied.) The *Griffin* case (p. 281) further quotes approvingly from the case of Kayser v. ·Van Nest, 125 Minn. 277 (146 NW 1091), wherein the nineteen-year-old daughter of the owner took the family car on a pleasure mission, and permitted a cousin to drive the car, and a collision occurred. It was held that a jury question existed as to whether the principal-agent relationship existed so as to make the owner liable for the injuries.

It has been held in Georgia that the owner of a family purpose automobile is responsible for damages inflicted by the driver, when the owner's son is present in the automobile at the time and permits another to drive. *Cohen v. Whiteman,* 75 Ga. App. 286 (43 SE2d 184).

It has also been held that the owner of a family purpose automobile is responsible for damages inflicted by. a son who uses the automobile contrary to the express instructions from the father. *Battle v. Kilcrease,* 54 Ga. App. 808 (6), 810 (189 SE 573).

The general rule of the principal's liability for the act of the agent is well expressed in *Evans v. Caldwell,* 52 Ga. App. 475 (2), supra, as follows: "A master is responsible for the tortious acts of his servant, done in his business and within scope of employment, although he does not authorize or know of the particular act, *or even if he disapproves or forbids.* This is so because the test of the master's responsibility for the acts of the servant *is not whether such act was done in accordance with the instruction of the master to the servant, but whether it was done in the prosecution and in the scope of the master's business."* (Emphasis supplied.)

In *Myrick v. Alexander,* 101 Ga. ·App. 1 (112 SE2d 697), and in *Myrick v. Sievers,* 104 Ga. App. 95 (1) (121 SE2d 185), the owner of a family car was held liable, even though his son entrusted the driving of the car to a third person. At page 3 of the *Alexander* case, it is made plain that the son of the owner remained in the car and was

receiving benefit from the car, which was within the purpose for which the owner furnished same to his son. A different question arises when no member of the family is present in the car receiving a benefit from its operation; and cases involving such factual situations are readily distinguished.

In *Golden v. Medford,* 189 Ga. 614 (7 SE2d 236), it is held that where a wife furnishes a car for the pleasure and convenience of her husband, and the husband allows another to drive the car while he remains in it, without knowledge or express consent of the wife, she is liable for damages caused by the improper driving of said third person.

The case of *Carter v. Bishop,* 209 Ga. 919 (76 SE2d 784), is one wherein a motor common carrier was held not liable for the conduct of one who had been substituted as a driver without its knowledge or consent. Motor common carriers are strictly regulated by the Ga. Public Service Comm. and by statute and rules, and as to hours and conduct of the drivers. Code Ann. § 68-601 et seq. For instance, the driver of a Greyhound Bus could not turn it over to a new driver without the consent of his employer, nor could an engineer on the Georgia Railroad step off the engine and call in a bystander to run the engine, and render the employer liable. These matters are strictly regulated and it would be against public policy to allow the violation of such rules.

The cases of *Strickland v. Moore,* 113 Ga. App. 209 (1) (147 SE2d 682); *Pritchett v. Williams,* 115 Ga. App. 8 (153 SE2d 639); and *Trust Co. of Ga. v. Howard,* 130 Ga. App. 725 (204 SE2d 499), insofar as they conflict with this opinion, and all other cases which conflict therewith, are expressly overruled. The earlier cases, unreversed, which we are bound to follow under the rule of stare decisis, plainly establish that when a family purpose car that is furnished by the owner to members of the family for their convenience and pleasure is used for such purpose, and a member of the family is present in the automobile controlling, or who could supervise control of the operation thereof:

1. An owner of a family purpose car is liable for the acts of members of his family in driving said car.

2. The owner of a family purpose car is liable for the acts of a third person, to whom his child has entrusted the driving of the car.

3. The family purpose doctrine is but an extension of the law of principal and agent.

4. So long as the car is being operated for the pleasure of some member of the owner's family—even though a third person is driving, the owner is liable.

5. An owner (master) cannot insulate himself from liability by the mere giving of private instructions to his children, such as forbidding them to allow third persons to drive the car, and as to which private instructions the injured party is not privy.

6. The test to be observed is whether or not the car was at the time being operated in the owner's business—in the business for which he furnished the car—to wit, the furnishing of pleasure to members of his family; and if so, the owner is liable.

For the foregoing reasons the lower court erred in granting the defendant father's motion for summary judgment.

*Judgment reversed. Pannell, P. J., Deen, P. J., Quillian, Clark and Webb, JJ., concur. Bell, C. J., Stolz and Marshall, JJ., dissent.*

ARGUED JANUARY 14, 1975 — DECIDED MAY 23, 1975 — REHEARING DENIED JUNE 18, 1975 —

*Whelchel, Dunlap & Gignilliat, George L. Simpson, III,* for appellant.

*McClure, Ramsay & Struble, John A. Dickerson,* for appellees.

STOLZ, Judge, dissenting.

Relying on the doctrine of stare decisis, the majority opinion specifically overrules *Strickland v. Moore,* 113 Ga. App. 209 (1) (147 SE2d 682); *Pritchett v. Williams,* 115 Ga. App. 8 (153 SE2d 639); and *Trust Co. of Ga. v. Howard,* 130 Ga. App. 725 (204 SE2d 499), and all other cases which conflict with the majority view. The essence of the majority opinion is summed up in the following: "The test

to be observed is whether or not the car was at the time being operated in the owner's business — in the business for which he furnished the car — to wit, the furnishing of pleasure to members of his family; and if so, the owner is liable." This statement is simply another expression of former Code Ann. § 68-301 (Ga. L. 1955, p. 454), which read: "Every owner of a motor vehicle operated upon the public highways, roads or streets of this State shall be liable and responsible for the death or injuries to person or property resulting from negligence in the operation of such motor vehicle, if said motor vehicle is being used in the prosecution of the business of such owner or if said motor vehicle is being operated for the benefit of such owner." *The difficulty with the majority view is that former Code Ann. § 68-301 was declared unconstitutional by the Supreme Court in Frankel v. Cone, 214 Ga. 733 (107 SE2d 819) as being violative of the due-process clause of the State and Federal Constitutions.* In *Frankel,* the Supreme Court stated that "the act clearly violates the due-process clause of both the Federal and State Constitutions, for the reason that it makes the owner of a motor vehicle liable if the vehicle is being used in the prosecution of the business of or for the benefit of such owner, *even though operated without notice to her or without her knowledge and without her consent, express or implied."* (Emphasis supplied.) What the General Assembly could not do by legislative Act, this court should not attempt to do by judicial decision.

The majority also holds that the owner could not limit his liability by such private instructions to which the injured parties were not privy. In *Cowart v. Jordan,* 75 Ga. App. 855 (44 SE2d 804), the plaintiff sued the defendant for injuries sustained when the automobile she was driving collided with an automobile (taxi) owned by the defendant, being operated by one Mitchell pursuant to permission of one Maddox, defendant's employee. Evidence showed that the defendant had specifically forbade anyone other than his employee (Maddox) from driving the car. In *Cowart,* this court held the defendant not liable, stating: "Here it is not a question of the driving of the automobile with the consent of the owner and the driver causing an injury by driving it in a manner

contrary to the instructions of the owner, but it goes deeper than that. It is a question of whether the person driving or operating the car was authorized by the owner to drive or operate it under any conditions, or in any manner whatsoever. Of course an owner may instruct his servant not to be negligent in a specific manner or generally while driving his car. Notwithstanding this, a negligent act of the servant which violates such instructions may subject the master to liability. It has been said that if the act done is a tort, whether negligent or voluntary, and is done in the prosecution of the master's business, that is, the servant at the time is engaged in serving the master, the latter is liable. *Fielder v. Davison,* 139 Ga. 509, 512 (77 SE 618). But this statement is predicated, of course, upon the fact that there has been created and exists the relationship of master and servant. Here Charlie Mitchell was not the servant of the owner, Mathis Cowart, unless Jessie Maddox, who contracted with Cowart to operate the cab, was authorized, expressly or impliedly, to permit Charlie Mitchell to use or operate the cab.

"The uncontradicted evidence discloses that Jessie Maddox, under his contract with the defendant to operate the taxicab, was without authority to permit anyone else to use or operate the cab for any purpose whatsoever. We think, therefore, that under the elementary rules of agency it was not within the power of Jessie Maddox to permit anyone else to use the cab either in the course of the owner's business or otherwise without the consent of the owner. Maddox could not thus extend the scope of his agency without the consent of the master." *Cowart,* supra, p. 859, and cits. I agree with the majority opinion where it is stated that the "family purpose doctrine" is an extension of the principal-agent relationship. As such, it is governed by the laws of agency. One of the most basic and fundamental of such principles is that "an agent may not delegate his authority to another, unless specifically empowered to do so." Code § 4-103. Another such principle is that if the agent "shall exceed or violate his instructions, he does it at his own risk, the principal having the privilege of affirming or dissenting, as his interest may dictate." Code § 4-202.

In *Evans v. Caldwell,* 52 Ga. App. 475 (184 SE 440), *Battle v. Kilcrease,* 54 Ga. App. 808 (189 SE 573), *Cohen v. Whiteman,* 75 Ga. App. 286 (43 SE2d 184), *Myrick v. Alexander,* 101 Ga. App. 1 (112 SE2d 697) and *Golden v. Medford,* 189 Ga. 614 (7 SE2d 236), relied on by the majority, there was *at least* an implied general authority from the principal for the agent (family member) not only to ride in but to direct the operation of the car by others for the agent's (family member's) own pleasure. See *Golden v. Medford,* supra, in particular. In *Strickland v. Moore,* 113 Ga. App. 209 (147 SE2d 682), this court, speaking through Judge, now Justice, Jordan, with Judges Bell, now Chief Judge, and Eberhardt, stated: " 'The family purpose doctrine does not make the mere fact of family relationship standing alone the "be-all and the end-all here" but is itself also grounded upon the principles of law of principal and agent, and master and servant. *Griffin v. Russell,* 144 Ga. 275 (87 SE 10, LRA 1916F 216, AC 1917D 994); *Grahl v. McMath,* 59 Ga. App. 247 (2) (200 SE 342). In two cases it has been held in this state, that where the owner of a vehicle kept for the pleasure and convenience of the family turns it over to a member of the family with general authority to direct its operation, or with knowledge that the automobile was being used by the permittee and others under such circumstances that a conclusion is warranted that the owner does not object to the automobile being driven by such others, the permittee being in the automobile which is being operated for his purposes, then the mere fact that another than the permittee is physically operating the vehicle will not preclude recovery, as it is being used for the purposes for which it is kept. *Golden v. Medford,* 189 Ga. 614 (7 SE2d 236); *Cohen v. Whiteman,* supra. *But, unless the permittee is expressly or impliedly authorized by the owner of the vehicle to appoint a subagent for that purpose, the owner will not be liable. Carter v. Bishop,* 209 Ga. 919, 928 (76 SE2d 784).' *Mason v. Powell,* 92 Ga. App. 496, 498 (88 SE2d 734)."

This court in *Strickland,* supra, merely restated that which had been held by the Supreme Court. Thus, "Where one who is employed to drive a motor vehicle, without the consent of and *against specific instructions of the master,*

engages a substitute driver, the master is not liable for the negligence of the substitute driver unless the act of the servant employing the substitute driver be ratified by the master." *Carter v. Bishop,* 209 Ga. 919 (2) (76 SE2d 784). Also, "If a master sent a servant to bring to his place of business an automobile for the purpose of having it repaired, and the servant so sent procured another to take the machine to its destination in his stead, the master was not liable for the negligence of such person, unless the servant had authority, express or implied, to employ him, or unless the employment was ratified." *White v. Levi & Co.,* 137 Ga. 269 (2) (73 SE 376) (1911) and cits.

In *Trust Co. of Ga. v. Howard,* 130 Ga. App. 725, 732, supra, one of the cases to be overruled by the majority, the following appears, "Of course, the owner of an automobile may place a limitation on its use by instructing the members of his family that no other person is to be allowed to drive the car under any circumstances. And if the *uncontradicted evidence* at the trial shows the imposition of such limitation, then the driving of the car by one not a member of the family would conclusively be outside the family purpose doctrine." Such language would not be remarkable were it not for the fact that its author made it a part of his dissent in that case and now, as author of the majority opinion, would overrule his own verbiage.

Another inconsistency with the present majority opinion appears in that same author's opinion in *Danner v. Freeman,* 121 Ga. App. 393 (1) (174 SE2d 194) (cert. denied), which states as follows: "Where there is conflicting testimony as to the authorization of a third party to drive a motor vehicle, used for the comfort and convenience of a minor child who was riding in the vehicle at the time of the collision and having custody and control thereof, summary judgment should not be granted in favor of the defendant in a suit for damages against said owner. The lower court erred in granting summary judgment. *Cohen v. Whiteman,* 75 Ga. App. 286 (43 SE2d 184); *Myrick v. Sievers,* 104 Ga. App. 95 (121 SE2d 185); State Farm Mut. Auto. Ins. Co. v. Williamson, 331 F2d 517; *Strickland v. Moore,* 113 Ga. App. 209 (147 SE2d 682); *Pritchett v. Williams,* 115 Ga. App. 8 (153 SE2d 639)." The only inference that can be drawn from this holding is that,

had the evidence as to the lack of the authority of the third party to drive the motor vehicle *not* been conflicting, a summary judgment in favor of the defendant *would* have been authorized. (It will be noted that *Danner* follows a long line of cases represented by the five it cites, some of which are now to be specifically, and all expressly, overruled.)

In summary, the view expressed by the majority is, for all purposes, the same as that expressed in former Code Ann. § 68-301. In declaring that statute unconstitutional in *Frankel v. Cone,* supra, p. 736, the Supreme Court stated, "To hold this statute constitutional, would be to hold a party liable for the negligent conduct of another, even though a trespasser were operating the vehicle against the express orders of the owner, and irrespective of how careful or free from negligence the owner was, the only condition being that it be operated for the benefit of the owner."

Also, there is a clear distinction between the Georgia cases relied upon by the majority and the *facts* in the case before the court. In each of the cases relied on by the majority, there was *at least implied general authority* for the agent/family member to allow a third party to operate the vehicle. In this case, there is uncontroverted evidence of specific instructions by the father to the son, which were acknowledged by the son, *forbidding* anyone else to drive the car. The son disobeyed the specific instructions. Under these facts, the case is controlled by *Cowart v. Jordan,* supra; *Strickland v. Moore,* supra; *Carter v. Bishop,* supra; *White v. Levi & Co.,* supra; and *Danner v. Freeman,* supra. If the doctrine of stare decisis is to be applied, the judgment of the trial court should be affirmed.

I am authorized to state that Chief Judge Bell and Judge Marshall concur in this dissent.